# Robinson & Ledyard *v.* Holt.

*Attachment by Landlord, against Tenant's Crop.*

<table>
<tr><td>90</td><td>115</td></tr>
<tr><td>107</td><td>571</td></tr>
<tr><td>108</td><td>257</td></tr>
<tr><td>90</td><td>115</td></tr>
<tr><td>130</td><td>534</td></tr>
</table>

1. *Disclaimer of ladlord's title, by tenant holding over.*—A tenant can not dispute the title of his landlord, either while in possession under the lease, or holding over after its expiration; and if, having entered under a lease for one year, he holds over after the expiration of the term, the landlord may, at his own option, treat him as a tenant for another year, notwithstanding his disclaimer of the relation.

APPEAL from the Circuit Court of Macon.

Tried before the Hon. JAS. R. DOWDELL.

This action was brought by appellants, suing as partners, against P. S. Holt, their alleged tenant, to recover $100, rent for the year 1888; and was commenced by attachment, sued out on the 10th December, 1888, on the ground that a portion of the crop had been removed from the rented premises without the plaintiffs' consent. The defendant pleaded the general issue, and several special pleas denying the tenancy; and issue seems to have been joined on these several pleas without objection. On the trial it was proved, as appears from the bill of exceptions, that the tract of land had belonged to the defendant, and was by him mortgaged to the plaintiffs by deed dated January 13th, 1885; that the land was sold under the mortgage in February, 1886, the plaintiffs becoming the purchasers, as authorized by its terms, and receiving a deed from the auctioneer; that the defendant continued in possession of the land, but attorned to plaintiffs as purchasers, paid rent for the year 1886, and gave his note for $100, the agreed rent for the year 1887. The note, which was produced, was dated 18th February, 1887, payable on the 1st November, and stated that the lease was to "expire with the current year." W. Thompson, a witness for plaintiffs, testified that he acted as their agent in renting the

place, collecting the rents, &c.; that when the note was executed for the rent of the year 1887, "he told Holt he could have the place for the year 1888 on the same terms, but Holt made no reply; that he again told Holt, in the Fall of 1887, that he could have the land on the same terms for the year 1888, but Holt made no reply, except that he was going to redeem the land; that nothing more was said about it by Holt until the Fall of 1888, when he admitted to witness that he owed plaintiffs rent for that year, and promised to pay it; that Holt had never redeemed the land, nor offered to do so, and that the rent for the year 1888 had not been paid," though Holt held the lands during that year. The defendant testified in his own behalf, "that said Thompson never at any time proposed that he should hold the land for the year 1888 on the same terms as had been contracted for 1887, and he never at any time admitted to Thompson that he owed rent for the year 1888; on the contrary, that he notified Thompson, as plaintiff's agent, in the Fall of 1887, that he would no longer hold the land as plaintiffs' tenant, but repudiated the relation between them; and he testified, also, that he did not hold the land in 1888 as plaintiffs' tenant, but claimed it as his own."

This being "all the evidence in the case," the court refused several charges asked in writing by the plaintiffs, and gave the following charges asked by defendant: (1.) "If defendant told Thompson, before the beginning of the year 1888, that he would not hold the land as plaintiffs' tenant, they will find for defendant, unless something afterwards occurred between the parties, from which a contract for 1888 can be reasonably inferred." (2.) "Unless the jury believe from the evidence that the relation of landlord and tenant existed between plaintiffs and defendant for the year 1888, they will find for the defendant." (3.) "The relation of landlord and tenant can never exist except by contract." The plaintiffs excepted to the charges given, and to the refusal of the charges asked by them; and these rulings are here assigned as error.

W. F. FOSTER, for appellants.

JAS. E. COBB, contra.

MCCLELLAN, J.—It is thoroughly well settled and familiar law, that a tenant can not dispute the title of his landlord while in possession under a lease, or while holding over after the expiration of his lease.—1 Taylor Landlord & Ten. § 89; 2 Ib. §§ 705–707; Elliott v. Dycke, 78 Ala. 150; Wells v. Sheever, Ib. 142; Crim v. Nelms, Ib. 604; Pope v. Harkins,

[Ponder v. Cheeves.]

16 Ala. 321; *Houston v. McCurdy*, 71 Ala. 570; s. c., 74 Ala. 162.

It is equally well settled, that a tenant for one year, "who holds over after the expiration of his term, without paying rent, or otherwise acknowledging a continuance of the tenantcy, becomes either a trespasser or a tenant, at the option of the landlord. . . . But the tenant has no such election; his mere continuance in possession fixes him as a tenant for another year, if the landlord thinks proper to insist upon it;" and this, notwithstanding the fact that the tenant refuses to continue the lease, and gives notice of his purpose not to do so. From this state of facts, the landlord electing to treat the continued occupancy as a tenancy, which he will be held to have done from slight circumstances, the law implies a *contract* between the parties for a lease of another term of one year, on the same terms as were agreed on in the express contract for the previous term; and all the incidents of this implied lease, all the relations, rights and remedies of the parties thereunder, are the same as if it had been an express renewal. 1 Taylor's Landlord & Ten. § 22; *Conway v. Starkweather*, 1 Den. 113; *Schuyler v. Smith*, 51 N. Y. 309; *Parker v. Hollis*, 50 Ala. 411; *Wolffe v. Wolffe*, 69 Ala. 549.

The aspect of the evidence in this case most favorable to the rulings of the court below, established the relation of landlord and tenant between the plaintiffs and defendant, within the foregoing principles; and those rulings, in so far as they denied a right of recovery in this action, proceeding, as it did, by attachment for the rent of the premises during the year in which the defendant held over, were erroneous.

The judgment is reversed, and the cause remanded.