185 So. 162

**HARRY J. FRAHN CO., Inc., v. NATIONAL REALTY MANAGEMENT CO., Inc., et al.**

**8 Div. 930.**

Supreme Court of Alabama.

Dec. 8, 1938.

T. M. Thomas, of Sheffield, for appellant.

Smith, Windham, Jackson & Rives, of Birmingham, and W. H. Mitchell, of Florence, for appellees.

THOMAS, Justice.

The action of the trial court in sustaining a demurrer to the bill as a whole and as last amended is challenged by the appeal.

The bill alleged irregular foreclosure of a mortgage and deed executed pursuant thereto, and prayed that it be set aside and held for naught, that an accounting be had as to the indebtedness due or to become due, and that due credit be given for use and occupation and for moneys received for rentals.

The execution of the powers in a mortgage, and the statutes applicable thereto, requiring notice to be given of foreclosure, and the duty of a mortgagee in the premises, were recently construed and applied in Appelbaum et al. v. First Nat. Bank of Birmingham et al., 235 Ala. 380, 179 So. 373, and De Moville v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756.

When the amended pleading is looked to, as aided by its exhibits (Grimsley v. First Ave Coal & Lumber Co., 217 Ala. 159, 115 So. 90), it is made to appear that the mortgage was executed November 15th, 1927, foreclosed on October 10, 1935, and the National Realty Management Company, Inc., became the purchaser under conveyance of date of April 6, 1936. One day before the expiration of the two year period, on October 9, 1937, the Frahn Company filed the original bill against Charles W. Hoff, as trustee. In that pleading the Greyling Realization Corporation was not a party.

The exhibits show that on June 4th, 1936, before the filing of the original bill, the purchaser at the foreclosure sale conveyed the mortgaged premises to the Greyling Realization Corporation, one of the appellees, and party to the amended bill of date of March 1, 1938.

The amended bill further shows, that on June 4, 1936 (before the bill was filed), the conveyance to Greyling was filed for record in the office of the probate judge in the county where the land lies on June 22, 1936, and said conveyance was duly recorded on June 25, 1936.

It is thus apparent that the bill bringing in Greyling Realization Corporation as a party on March 1, 1938, was more than two years after the date of foreclosure, which was had on October 10th, 1935.

■ The amended bill merely alleges irregularities in foreclosure notice, and contains prayer for cancellation for such cause. There is no allegation of fraud, oppression or inadequacy of price (De Moville v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756), that vitiates under our rule.

We have indicated that the complete pleadings and exhibits show that Charles W. Hoff, as trustee in the mortgage in 1927, had no interest in the property when the bill was filed in 1937; that National Realty Management Company, Inc., had been divested of title by due conveyance in 1936 to the Greyling Realization Corporation; and that the only party in interest in the land (Greyling Realization Corpora-tion) was not sued until two years and five months after the foreclosure.

Whether or not the foreclosure was irregular in the respects indicated is immaterial; the rule here is justified by Canty v. Bixler et al., 185 Ala. 109, 64 So. 583. In the last cited case the court held that "Where a mortgagee purchased at his own foreclosure sale without authority, the mortgagor, and those claiming under him, can disaffirm the sale, and such disaffirmance reinvests the equitable right of redemption, but such right of disaffirmance must be asserted within two years; the limitation being judicial and not statutory, and based upon the doctrine of laches, and not staleness of demand, the mortgagor being presumed to have waived the right and ratified the voidable sale, if not exercised within two years." First National Bank of Opp v. Wise et al., 235 Ala. 124, 177 So. 636.

■ Section 9257 of the Code of 1923, as amended by the General Acts of Alabama 1935, p. 791, has no application to the bill, as illustrated by its exhibits. This is to say, if the bill had been timely filed, the 1935 statute could have no effect on the Frahn mortgage since it was dated 1927, and the 1927 law was a part of the mortgage contract. As a consequence, the rights and remedies of the parties could not be affected by any subsequent legislation.

In Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662, this court declared [page 663]: "Time required for notice of foreclosure of mortgage executed prior to effective date of statute providing for notice, where none is provided in mortgage, would be governed by statute in effect at time of execution of note and mortgage."

■ The final decree dismissing the bill as to the several defendants was proper. Alabama Lime & Stone Co. v. Adams, 222 Ala. 538, 133 So. 580.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.