187 So. 707

### CARSON v. RAINS.

### 7 Div. 541.

Supreme Court of Alabama.

March 30, 1939.

Motley & Motley, of Gadsden, for appellant.

W. T. Murphree, of Gadsden, for appellee.

BROWN, Justice.

This is an appeal from a decretal order of the Circuit Court of Etowah County, *sitting in equity, denying and dismissing the petition of Will F. Carson, praying that Will Lister as constable be restrained* "from dispossessing said Will Carson from a place known as the City Club at 112 North 8th Street in the City of Gadsden, under a writ issued from the Justice Court of Edward B. Miller and that notice issue to said Will Lister as Constable requiring him to appear * * * and show cause why he should not be restrained from executing said writ."

The grounds upon which said petition is based are thus stated: "That David C. Byrd was appointed and qualified as Trustee under the will of Nan Ellen Carson on the 29th day of January 1938 and that as such trustee under said will he is entitled to the possession and rent of said property; and that said David C. Byrd as such trustee has leased said property to your petitioner for one year, and your petitioner has taken possession of said property under said lease, and the said Will Lister as Constable is threatening to dis-possess your petitioner of the said property so leased by him and claiming that Ida Carson Rains is entitled to the same as administrator. And said Constable is also claiming the sum of $9.45 as costs, which is illegal under the Acts of Alabama, of 1932 [Ex. Sess.] page 164–166. As your petitioner is taxed with $5.00 for executing writ of possession and the Justice has taxed $2.00 for trial, which is not authorized by said Acts or law. Copy of itemized statement is hereto attached. Marked ex. A."

Lister, the constable, who appeared and moved to dismiss the petition, stated as grounds for his motion:

"1. For aught that appears therefrom the Constable has a valid order or writ, which he is required to execute under the law.

"2. Said Will Carson cannot avoid the execution of the writ by acquiring any right to the property after judgment therefor.

"3. The facts averred give this court no jurisdiction to issue any restraining order."

The decretal order recites that: "This matter being submitted on the petition of Will F. Carson for an order restraining Will Lister as Constable from dispossessing said Will F. Carson from a place known as the City Club at 112 North 8th Street in the City of Gadsden under a writ issued from the Justice Court of Edward B. Miller, Justice of the Peace in Gadsden; it appears that Ida Carson Rains, the Administratrix with the will annexed of Nan Ellen Carson, deceased, has had charge of said property and rented the same to said petitioner and after his term of rental had expired she recovered a judgment in said Justice Court in unlawful detainer for said property and writ of possession thereunder was placed in the hands of said Constable for execution. The Court is of the opinion that the said David C. Byrd had no right to take possession of said property and rent the same to said petitioner so as to avoid the effect of said judgment in unlawful detainer."

Although this petition was filed in the administration proceedings in respect to the estate of Nan Ellen Carson, deceased, pending in the Circuit Court in equity, nevertheless the scope and purpose of the petition, as appears from the recitals of the petition and the decree, is to impeach not only the judgment at law, recovered by the landlord against a defaulting tenant, but to impeach the landlord's title by setting up an outstanding legal title in another, without surrendering possession obtained under the tenancy.

■ It is familiar law, long settled in Alabama, that the tenant is estopped to deny the title of his landlord while holding under a lease or after its expiration, unless he surrenders possession to the landlord. Robinson v. Holt, 90 Ala. 115, 7 So. 441; Wells v. Sheerer, 78 Ala. 142; Caldwell v. Smith, 77 Ala. 157.

This doctrine, as observed by the court in the last cited case, "has its origin in moral duty and public policy; and its chief purpose is the promotion of common honesty, and the prevention of fraud."

■ There is another applicable principle, well settled in Alabama, and that is that a party to a judgment can not resort to equity to avoid a judgment at law, unless he can show that the judgment was the result of accident, surprise or fraud of the opposite party, unmixed with negligence on the part of the complainant. Hendley v. Chabert, et al., 189 Ala. 258, 65 So. 993.

■ Judgments of Justices of the Peace, in matters over which they have jurisdiction, are res judicata as between the parties. Drinkard v. Oden, 150 Ala. 475, 43 So. 578.

■ The decretal order was without error and is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.