195 So. 758

**FRAHN v. GREYLING REALIZATION CORPORATION.**

8 Div. 38.

Supreme Court of Alabama.

April 11, 1940.

Rehearing Denied May 16, 1940.

R. L. Polk, of Sheffield, for appellant.

Smith, Windham, Jackson & Rives, of Birmingham, Clopper Almon, of Sheffield, and Mitchell & Poellnitz, of Florence, for appellee.

·THOMAS, Justice.

The proceedings were initiated in the justice court under authority of General Acts 1932, Extra Session, p. 164; Code, § 8831. The constitutionality of Section two of said act is challenged as not affording due process of law.

The rules of statutory construction need not be repeated. Jefferson County v. Busby, 226 Ala. 293, 148 So. 411.

■ When a part of an act is challenged, the whole act relating thereto will be looked to and considered in pari materia and aid its constitutionality, if such is the effect. Mobile County et als. v. State of Alabama ex rel. Cammack, Ala.Sup., 197 So. 6; State v. Inman, ante, p. 348, 195 So. 448.

■ It is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing. That is, the requirements of the Fourteenth Amendment of the Federal Constitution are that the defendant be given the character of notice and opportunity to be heard which is essential to due process in the instant procedure. That the court which assumes to determine the rights of the parties shall have jurisdiction thereof and of which proceeding the notice and opportunity for a due hearing be given to the immediately interested parties.

It was observed in Evans v. Evans, 200 Ala. 329, 76 So. 95, that such are the requirements of due process, being the fundamental conditions universally prescribed in a system of laws established and all state laws, statutory and judicially declared, regulating procedure, evidence and method of trials, which must be consistent with such requirements of the constitutions. Such rule is stated as follows in 6 R.C.L. § 442, p. 446: "* * * In fact one of the most famous and perhaps the most often quoted definition of due process of law is that of Daniel Webster. in his argument in the Dartmouth College case (Dartmouth College v. Woodward, 4 Wheat. 518, 4 U.S. (L.Ed.) 629), in which he declared that by due process of law was meant 'a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial.' (Ex parte Wall, 107 U.S. 265, 2 S.Ct. 569, 27 U.S. (L.Ed.) 552.) Somewhat similar

is the statement that it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity (to be heard) wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered. (Galpin v. Page, 18 Wall. 350, 21 U.S. (L.Ed.) 959; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 U.S. (L.Ed.) 215; Ferry v. Campbell, 110 Iowa 290, 81 N.W. 604, 51 L.R.A. 92." (Parenthesis supplied.)

■ When the several sections of the act are considered in pari materia, we are of opinion and hold that no provision of the state or Federal Constitutions has been abridged or denied.

We may remark in passing that the amount of damages for holding over by a tenant is not presented by this appeal. H. G. Hill & Co. v. Taylor, 234 Ala. 282, 174 So. 481.

■ We find no error to reversal committed on the trial under the issues presented by the pleading. The contract for leasing, the two notices given by the landlord to the tenant, the notice and demand, the supersedeas bond given to effectuate appeal to the circuit court, the evidence given as to the occupancy of the property sued for, and that the lessee and plaintiff was a corporation were all competent under the issues as presented. Shell Petroleum Corp. v. Bruce, 230 Ala. 207, 160 So. 527.

■ The real question for decision is presented by the giving of the general affirmative charge for the plaintiff. The evidence was offered by plaintiff,—the defendant offering none. McMillan v. Aiken, 205 Ala. 35, 88 So. 135. There was no conflict in the plaintiff's evidence. Jones v. Bell, 201 Ala. 336, 77 So. 998.

■ This lease contract in question was the result of a former suit between the parties. Harry Frahn Co., Inc., v. National Realty Management Co., 236 Ala. 681, 185 So. 162. A tenant is estopped to deny the title of his landlord while holding under lease, or after the expiration, unless he surrenders possession to his landlord. This "moral duty and public policy" is for the "promotion of common honesty, and the prevention of fraud." It is not shown that this tenant, appellant here, surrendered

the possession to the landlord so as to enable him to controvert the title of the landlord. Carson v. Rains, 237 Ala. 534, 187 So. 707, 708.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

On Rehearing.

PER CURIAM.

Application for rehearing overruled.

THOMAS, BROWN, FOSTER, and LIVINGSTON, JJ., concur.