44 So.2d 573

LAWRENCE v. CRANFORD.

8 Div. 451.

Supreme Court of Alabama.

Nov. 25, 1949.

Rehearing Denied March 9, 1950.

390

W. C. Rayburn, Guntersville, for appellee.

Marion F. Lusk, Guntersville, for appellant.

LIVINGSTON, Justice.

The appellant, B. A. Lawrence, plaintiff in the court below, brought suit against appellee, H. M. Cranford, for malicious

prosecution and false imprisonment. The complaint contained three counts, to which appellee interposed two pleas, the general issue and a plea to the effect that he (appellee) swore to an affidavit for appellant's arrest on the advice of counsel. A jury trial resulted in a verdict for appellee, Cranford, and Lawrence's motion for a new trial being overruled he appealed to this Court.

The undisputed evidence discloses that Cranford sued Lawrence for possession of a certain described house and lot located in Boaz, Alabama; that the suit was commenced in a justice of the peace court and was instituted under the provisions of section 35 et seq., Title 31, Code of 1940; that Lawrence, in arrest of the proceedings before the justice of the peace and under section 37, Title 31, Code, made oath that his lease or term of rent had not expired, and that he was not holding possession of the premises over and beyond his term, or that his right of possession had not terminated or been forfeited; that Cranford then made affidavit before the judge of the County Court of Marshall County to the effect that Lawrence committed perjury in declaring on oath that his lease or term of rent had not expired, etc.; that a warrant was issued by the judge of said county court on the affidavit of Cranford, and Lawrence was arrested and put in jail; that the grand jury of Marshall County upon investigation refused to indict Lawrence, and instead returned "no bill".

■ We are clear to the conclusion that the evidence presented questions for the jury on the issues raised by the pleadings and that appellant was not entitled to the general charge on the case as a whole, nor as to either count of the complaint.

■ Forty-four errors are assigned, but most of them are not argued in brief and are thereby waived. Certain other assignments are grouped and argued together. As we view it, two questions, other than the ruling on the motion for a new trial, are presented for review. These questions are presented by appellant's refused charges numbered 6 and 14. Charge 6 is as follows: "Gentlemen of the Jury, I charge you that under the Constitution of the State of Alabama it is expressly provided 'that all courts shall be open; and that every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial or delay' and I further charge you that in the suit instituted by Mr. Cranford in justice court, said court was open to Mr. Lawrence and the only way in which he could obtain a trial to determine the existence or the effect of his rental contract with Mr. Cranford, was to make and file the affidavit referred to in the complaint made by Mr. Cranford before Judge Horton on December 5, 1944, and I further charge you that if you are reasonably satisfied from all the evidence that Mr. Lawrence believed, construed or interpreted his transaction with Mr. Cranford to be as stated by him in said affidavit, then Mr. Cranford had no right to have Mr. Lawrence arrested for perjury, because such statements of construction or interpretation did not constitute perjury."

In the case of Frahn v. Greyling Realization Corporation, 239 Ala. 580, 195 So. 758, 761, section 2 of the General Acts, Special Session 1932, page 164, now section 36, Title 31, Code of 1940, was assailed as not affording due process of law. It was held that "when the several sections of the act are considered in pari materia, we are of opinion and hold that no provision of the state or Federal Constitutions has been abridged or denied."

■ Charge 6 is argumentative, misleading and in some respects abstract. In fact, we are not entirely clear as to just what proposition or principle is intended to be asserted by it. If the charge is intended to assert that section 37, supra, forces a tenant to perjury in order to try the issues provided for in said section, it is clearly a misstatement of the law. Other pleadings are required to be sworn to in order to present certain issues. For instance, section 226, Title 7, Code, provides: "All pleas in abatement, unless it be of a matter of record, pleas which deny the execution by the defendant, his agent

or attorney, or partner, of any instrument in writing, the foundation of the suit, or the assignment of the same, or which set forth any instrument in writing, whether under seal or not, which is alleged to be lost or destroyed, and pleas since the last continuance, must be verified by affidavit."

It has never been supposed that one could not be guilty of perjury by knowingly and falsely swearing to pleadings required to be sworn to, although such sworn pleading was the only way to assert the matter relied on. One is never compelled to commit perjury. If the right or defense does not in fact exist, it should not be asserted in any event and if asserted under oath, and falsely, it is perjury. Charge 6 was properly refused.

 Only one argument is made as to the propriety of refusing plaintiff's requested charge 14. The argument is that defendant's attorney who advised the swearing out of the warrant for appellant's arrest was financially interested in the litigation in which the perjury is alleged to have occurred. The general rule in matters of this sort is stated in 34 Am. Jur. page 751, section 77, as follows: "The counsel consulted must be one whom, in the circumstances, the person consulting had no reason to suspect of prejudice or bias, and in whose judgment he was justified in imposing confidence as impartial. The disqualification in this respect may, for example, arise from relationship to the parties or enmity against the accused. So also, interest in the subject matter of the suit, known to the client at the time of the consultation, precludes reliance on the advice as a justification, even though the advice was honestly given. The latter rule has been applied to advice given by an attorney to his client that an adverse witness was guilty of false swearing, where it appeared that the amount of the attorney's fee was affected by the outcome of the case and also that the advice was given during the excitement of the trial."

The most that can be said of the evidence relied on to show interest of appellee's attorney in the instant case is, that the attorney who represented Cranford in the unlawful detainer suit and also represented him in the instant suit did so for a fee, all of which had not been paid. But it was not shown that the fee or any part thereof was contingent upon the outcome of either suit. This is not such interest as will disqualify an attorney under the rule. Charge 14 was therefore abstract and properly refused. Likewise, there was no error in overruling plaintiff's motion for a new trial.

Affirmed.

BROWN, LAWSON and STAKELY, JJ., concur.