This petition for a writ of mandamus represents the third time this case has been before us. The case was tried in 1993, and a judgment was entered on a jury verdict awarding $125,000 to Third Generation, Inc. ("TGI"), on its claims against Stephen M. Wilson, and $15,500 to Wilson on his claims against TGI and Benjamin F. Harbin III. The trial court subsequently granted a new trial, but we reversed that decision and ordered the trial court to reinstate the judgment on the jury's verdict.Third Generation, Inc. v. Wilson, 668 So.2d 518 (Ala. 1995).
We later granted TGI's petition for a writ of mandamus and directed the trial court to set aside its November 8, 2000, order granting Wilson's Rule 60(b)(3), Ala.R.Civ.P., motion[1] and compelling TGI to accept worthless inventory as partial satisfaction of its judgment against Wilson. Ex parte Third Generation, Inc., 820 So.2d 89 (Ala. 2001). The trial court then issued two orders dated March 8, 2002, and May 13, 2002. The March 8 order limited TGI's postjudgment interest to approximately 19 months. However, the May 13 order, granted in response to Wilson's April 8, 2002, Rule 60(b)(4), Ala.R.Civ.P., motion,[2] set aside the judgment on the grounds that it was "void" and ordered a new trial.
TGI now seeks a writ of mandamus directing the trial court (1) to vacate the March 8 and May 13 orders and (2) to *Page 491 
enter an order reinstating the judgment on the jury verdict with postjudgment interest to run from June 15, 1993 — the date of the original entry of judgment on the jury verdict[3] — to the present. However, TGI's request for mandamus relief from the March 8 order is unnecessary because in its May 13 order the trial court vacated the March 8 order. Therefore, we need address only the issue whether TGI is entitled to a writ of mandamus with respect to the May 13 order.
 I. Analysis
To be successful, TGI must demonstrate "(1) a clear legal right . . . to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Exparte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). If either the trial court's original judgment on the jury verdict was not "void" or Wilson's Rule 60(b)(4) motion was not filed within "a reasonable time" after the judgment became final as required of motions filed under Rule 60(b)(4), then it is apparent not only that TGI would have a clear legal right to have the May 13 order set aside, but also that the other prerequisites for mandamus relief would be met. Therefore, because we hold that the judgment entered on the jury verdict was not void, TGI is entitled to a writ of mandamus.
As discussed in our 1995 opinion, the jury awarded TGI $0 in compensatory damages and $125,000 in punitive damages on TGI's fraudulent-suppression claim against Wilson. Third Generation, 668 So.2d at 521. If such a verdict were awarded today, the losing party would certainly be entitled to a new trial based on our decision in LifeInsurance Co. of Georgia v. Smith, 719 So.2d 797 (Ala. 1998). In Smith, we stated that in order to be consistent with due process, "a jury's verdict [must] specifically award either compensatory damages or nominal damages in order for an award of punitive damages to be upheld." 719 So.2d at 806 (citing BMW of North America v. Gore, 517 U.S. 559 (1996)). However, at the time the judgment was entered on the jury's verdict in this case — June 15, 1993 — such an award was acceptable. SeeFirst Bank of Boaz v. Fielder, 590 So.2d 893 (Ala. 1991).[4]
In its May 13 order, the trial court granted Wilson's motion under Rule 60(b)(4), Ala.R.Civ.P., on the basis that the jury's verdict was inconsistent under Smith and that it thereby violated his due-process rights. The order cites Satterfield v. Winston Industries, Inc.,553 So.2d 61, 64 (Ala. 1989), in which this Court stated: *Page 492 
 "The standard of review on appeal from the denial of relief under Rule 60(b)(4) [Ala.R.Civ.P.] is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process."
(Citing Pollard v. Etowah County Comm'n, 539 So.2d 225 (Ala. 1989), andCassioppi v. Damico, 536 So.2d 938 (Ala. 1988).) (Emphasis added.) Essentially, in its May 13 order the trial court ruled that because the jury verdict violated Wilson's substantive due-process rights as described in Smith, the judgment entered on that verdict was void and the court, therefore, had an express duty to grant the requested relief. The order relied not solely on Smith, but also on BMW of North America v.Gore, 517 U.S. 559 (1996), which provided the foundation for our decision in Smith.[5]
The main issue presented by this mandamus petition is whether the trial court's grant of Wilson's Rule 60(b)(4) motion for a new trial — filed nine years after the original judgment was entered — was proper based on the reasoning in Smith.[6] Wilson contends (1) that his motion was filed within a reasonable time after the entry of judgment because, when he filed the motion, the case was still "pending" in that the manner of collecting the judgment was still in dispute, and (2) that the trial court had no discretion in ruling on his motion and had to grant the motion based on the due-process violation.
We agree with Wilson on only one point: a trial court's ruling on a Rule 60(b)(4) motion involves no discretion; whether a judgment is void is purely a matter of law, and a trial court must grant a properly presented Rule 60(b)(4) motion filed in response to a void judgment. However, we do not agree that the judgment was void, a conclusion that pretermits any discussion of whether the motion was filed within a reasonable time.
As stated above, Satterfield includes in the definition of a "void" judgment for purposes of Rule 60(b)(4) those judgments in which the trial court has "acted in a manner inconsistent with due process." 553 So.2d at 64. However, as we recently discussed in Neal v. Neal, [Ms. 1991439, Sept. 6, 2002] 856 So.2d 766 (Ala. 2002), the term "due process," in the context of providing a foundation for declaring a judgment void, refers to procedural, rather than substantive, due process:
 "`[I]t is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.' *Page 493 
 "Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940) (emphasis added [in Neal]). The rule that a want of due process, so defined, voids a judgment is not redundant with the rule that a want of personal jurisdiction likewise voids a judgment, for a person already effectively made a party to litigation could, on some critical motion or for some critical proceeding within that litigation, be deprived of the `notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing,' required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Frahn, supra. See Winhoven v. United States, 201 F.2d 174 (9th Cir. 1952), Bass v. Hoagland, 172 F.2d 205 (5th Cir. 1949), Cassioppi [v. Damico, 536 So.2d 938 (Ala. 1988)], and Seventh Wonder [v. Southbound Records, Inc., 364 So.2d 1173 (Ala. 1978)].
Neal, 856 So.2d at 781-82.
Because our decision in Smith was based on substantive due-process grounds (following the lead of the United States Supreme Court's BMW
decision), the Smith rationale may not be used as a ground for declaring a judgment void under Rule 60(b)(4). Therefore, the original judgment entered on the jury's verdict was not void, and the trial court erred in granting Wilson's Rule 60(b)(4) motion.
 II. Conclusion
For the reasons stated above, TGI is entitled to a writ of mandamus. Therefore, we issue the writ and order the trial court (1) to vacate its order of May 13, 2002, and (2) to reinstate the June 15, 1993, original judgment on the jury's verdict with, as the trial court ordered on March 11, 1996, postjudgment interest to be awarded at the statutory rate from June 15, 1993, to the time the judgment is paid. See Raines v. Williams,397 So.2d 86 (Ala. 1981); Berry v. Druid City Hosp., 333 So.2d 796 (Ala. 1976).
PETITION GRANTED; WRIT ISSUED.
Moore, C.J., and See, Lyons, Brown, Johnstone, Harwood, Woodall, and Stuart, JJ., concur.
[1] While Wilson had purportedly filed his motion pursuant to Rules 60(b)(3) and 60(b)(6), we noted that, given the substance of his motion (which was based upon alleged perjury), the motion was properly filed pursuant only to Rule 60(b)(3). See Ex parte Third Generation, Inc.,820 So.2d 89, 90 (Ala. 2001).
[2] Although the motion was not styled as a Rule 60(b)(4) motion, the parties agree that the trial court correctly treated Wilson's motion for a new trial as a Rule 60(b)(4) motion.
[3] Our 1995 opinion erroneously gave this date as "June 14, 1993."Third Generation, Inc. v. Wilson, 668 So.2d at 521.
[4] TGI argues that the matter of the inconsistent verdict was resolved on appeal in 1995 and is now — regardless of any later-determined due-process problems — "the law of the case." See ThirdGeneration, Inc. v. Wilson, 668 So.2d at 521-22. While not raised by the parties, one of the difficulties with TGI's law-of-the-case argument is Ala. Code 1975, § 12-2-13, which appears to negate any binding effect of the "law-of-the-case" doctrine as it applies to this Court:
 "The Supreme Court, in deciding each case when there is a conflict between its existing opinion and any former ruling in the case, must be governed by what, in its opinion, at that time is law, without any regard to such former ruling on the law by it; but the right of third persons, acquired on the faith of the former ruling, shall not be defeated or interfered with by or on account of any subsequent ruling."
However, our disposition of this petition obviates the need to address this issue.
[5] The May 13 order especially relies upon the United States Supreme Court's statement that "[t]o punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort." Bordenkircher v. N. H., 434 U.S. 357, 363 (1978) (quoted in BMW at517 U.S. at 573 n. 19).
[6] In Smith, we specifically stated that the "new" rule requiring an award of some compensatory or nominal damages as a prerequisite for an award of punitive damages would "not be applied so as to require reversaland the rendering of a judgment for the defendant in any case tried before [July 17, 1998]." 719 So.2d at 807 (emphasis added).