BRYAN, Judge.
This is the third time that Clark Daniel Montgomery (“the husband”) and Cynthia C. Montgomery (“the wife”) have appeared before this court. See Montgomery v. Montgomery, 37 So.3d 168 (Ala.Civ.App.2009) (“Montgomery I”), and Ex parte Montgomery, 79 So.3d 660 (Ala.Civ.App.2011) (“Montgomery II”). The husband filed this petition for a writ of mandamus seeking various forms of relief from an *150 order entered by the Russell Circuit Court (“the trial court”) on December 2, 2011. We deny the petition.

Procedural History

The husband and the wife were divorced on May 11,1999, by a judgment of the trial court that incorporated an agreement of the parties in case no. DR-99-138. Montgomery I, 37 So.3d at 169. Paragraph nine of the parties’ divorce judgment, which has been the focus of each case before this court, states: “The Wife is hereby awarded 35% of the Husband’s retirement excluding his Social Security. Said award shall include any increases that the husband may get prior to and following the time he begins to draw his retirement benefits.”
In Montgomery I, the husband appealed from a judgment entered in case no. DR-99-138 that issued a Qualified Domestic Relations Order (“QDRO”) at the request of the wife, who was seeking to implement paragraph nine of the agreement incorporated into the parties’ divorce judgment. We determined that the trial court did not have subject-matter jurisdiction to enter a QDRO in case no. DR-99-138 “because the filing of a QDRO, under the circumstances presented, required that the wife file a separate action, pay an appropriate filing fee, and give proper notice of her requests for a QDRO to the husband because she was seeking to implement or enforce the divorce judgment through a QDRO.” Montgomery II, 79 So.3d at 663; see also Montgomery I, 37 So.3d at 172. Therefore, we dismissed the husband’s appeal with instructions to the trial court to vacate the QDROs entered in case no. DR-99-138. Id. at 173.
Also in Montgomery I, the wife filed a cross-appeal regarding the issues presented in case no. DR-99-138.01, which was initiated by the wife’s filing of a petition for a rule nisi alleging that the husband was in contempt for failing to pay her a portion of his retirement benefits as provided for in the divorce judgment. Id. at 171. We reversed the trial court’s judgment finding that the husband was not in contempt “[bjecause the trial court heard no evidence regarding the allegations set forth in the wife’s petition for a rule nisi and because there [wa]s no evidence in the record to support the trial court’s finding that the husband was not in contempt.” Id. at 174. Therefore, we “remanded the cause with instructions to the trial court to conduct an evidentiary hearing on the wife’s petition for a rule nisi.” Montgomery II, 79 So.3d at 664 (citing Montgomery I, 37 So.3d at 174).
On October 11, 2010, after this court issued a certificate of judgment in Montgomery I, the wife, in case no. DR-99-138.01 — i.e., the contempt action — filed a motion to implement a QDRO. In her motion,
“[t]he wife alleged that the husband was retired and drawing benefits but that she had not been receiving the portion of the husband’s retirement benefits that she had been awarded pursuant to paragraph nine of the agreement incorporated into the parties’ divorce judgment (hereinafter referred to as ‘paragraph nine of the divorce judgment’).... The wife requested that the trial court enter a QDRO so that her portion of the husband’s retirement benefits would be paid directly to her. The wife attached a proposed QDRO as an exhibit to her motion.
“On October 14, 2010, the husband filed a motion to dismiss the wife’s motion for implementation of a QDRO. The husband alleged that the trial court did not have jurisdiction to alter or amend the QDRO that was previously entered ... because this court had concluded[, in Montgomery I,] that that QDRO was *151 void; that the wife’s motion for implementation of a QDRO was an attempt to amend a prior QDRO; and that the wife must file a petition to modify the parties’ divorce judgment, pay the appropriate filing fees, and serve the husband with the petition.”
Montgomery II, 79 So.3d at 664.
On March 16, 2011, the trial court entered a QDRO “that addressed the wife’s receipt of a portion of the husband’s retirement benefits.” Id. at 665.
“On March 17, 2011, the husband filed a motion to vacate the March 16, 2011,
' order and a motion for a hearing on the trial court’s jurisdiction to enter a QDRO. The husband alleged that ... the wife’s request for a QDRO through her petition for a rule nisi did not properly invoke the jurisdiction of the trial court and did not properly put the husband on notice of a proposed ‘modification.’ The husband further alleged that he had been denied due process of law by the trial court’s failure to conduct a hearing on his motion to dismiss.”

Id.

The trial court denied all the husband’s pending requests for relief, and the husband filed a petition for a writ of mandamus. In his petition, the husband argued, among other things not pertinent to the issues presented in this case, “that the QDRO entered on March 16, 2011, [was] due to be vacated because (1) the wife’s motion to implement a QDRO did not properly invoke. the subject-matter jurisdiction of the trial court, [and] (2) because his due-process rights were violated.... ” Id. at 668. We addressed the husband’s arguments as follows:
“[T]he husband contends that the wife, by merely filing a motion to implement a QDRO in her contempt action, failed to invoke the subject-matter jurisdiction of the trial court to enter a QDRO. According to the husband, the wife was required to file a separate modification action, or an amendment to her rule nisi petition, in order to obtain a QDRO that modified paragraph nine of the parties’ divorce judgment. The husband’s argument is based on the premise that the entry of a QDRO would necessarily result in a modification of the divorce judgment. However, as we stated in Montgomery [I ], ... ‘the entry of a QDRO, in and of itself, is not a modification of a property division.’ 37 So.3d at 173 n. 7. So long as the trial court does nothing more than ‘implement the division of property as stated in the parties’ divorce judgment,’ id., then the entry of a QDRO will not be considered a modification of the property-division provisions in the parties’ divorce judgment.
“Accordingly, we conclude that the wife’s request for the entry of a QDRO was not, in and of itself, a request to modify the divorce judgment. See Montgomery [I ] .... We further conclude that the wife’s motion for implementation of a QDRO was cognizable as a request for relief in a pending contempt action. In Montgomery [/], we held that the wife was required to file a separate action to obtain a QDRO because she was seeking a method of enforcing or implementing paragraph nine of the divorce judgment. A petition for a rule nisi seeking to hold a party in contempt for failure to abide by the provisions of an existing divorce judgment is a method of enforcing compliance with the existing divorce judgment. See generally Decker v. Decker, 984 So.2d 1216 (Ala.Civ.App.2007); and Committee Comments to Rule 70A, Ala. R. Civ. P. (noting that petitions for contempt are routinely used in domestic-relations actions to enforce compliance with an existing judgment). Similarly, *152 the entry of a QDRO is a method of enforcing or implementing the terms of an existing divorce judgment. See Montgomery [/], 37 So.3d at 172 (“We conclude that a trial court has the inherent power to issue a QDRO subsequent to the entry of a divorce judgment in an effort to implement or enforce the judgment or to render the divorce judgment effective.’). Thus, we cannot conclude that the trial court did not have subject-matter jurisdiction to rule on a motion requesting the entry of a QDRO to implement a provision of the divorce judgment as part of an existing contempt action.
“The husband next argues that the March 2011 QDRO is void because he was denied due process of law because the trial court denied his motion to dismiss without conducting a hearing on his motion.... [However], because the husband did not request an oral hearing on his motion to dismiss the wife’s motion for implementation of a QDRO, we cannot conclude that the husband’s due-process rights were violated when the trial court denied his motion to dismiss without first conducting a hearing. See Blanton v. Blanton, 463 So.2d 158, 161 (Ala.Civ.App.1984) (concluding that the husband was not denied due process when the trial court denied his motion to dismiss without a hearing because the husband did not request an oral hearing).
“However, the husband further argues that because he entered only a limited appearance to challenge the trial court’s jurisdiction to consider the wife’s motion for implementation of a QDRO, and because the trial court denied his motion to dismiss the wife’s motion for implementation of a QDRO at the same time that it granted the wife’s motion for implementation of a QDRO, his procedural due-process rights were violated because he was not afforded an opportunity to respond to the wife’s motion for implementation of a QDRO or to be heard on a challenge to the wife’s proposed QDRO before it was entered. The husband contends that the QDRO entered on March 16, 2011, impermissi-bly modified the parties’ divorce judgment and deprived him of his property without due process of law. See generally United States Constitution, Amend. XIV, § 1 (‘No state shall ... deprive any person of life, liberty, or property, without due process of law.’); and Neal v. Neal, 856 So.2d 766, 782 (Ala.2002) (quoting Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940)) (‘ “[D]ue process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.’” (emphasis omitted)).
“According to the materials provided to this court, after the trial court entered the QDRO on March 16, 2011, the husband filed several motions, with supporting briefs, requesting a hearing and challenging the substance of the QDRO entered, alleging that it had modified paragraph nine of the divorce judgment by expanding the wife’s award of his retirement benefits. There is no indication that the trial court conducted a hearing on any of the husband’s substantive challenges to the QDRO.
“Accordingly, we agree that the husband’s due-process rights were violated because he was not afforded the opportunity to answer and be heard on the wife’s request for implementation of a QDRO. A judgment or order that is entered in violation of principles of procedural due process is void. See Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala.2003) (discussing Neal, supra, and concluding that a judgment is *153 void if it violates principles of procedural due process). We therefore grant the husband’s petition in part, issue the writ, and order the Russell Circuit Court to vacate the QDRO entered on March 16, 2011.”
Id. at 668-70 (emphasis added; footnotes omitted).
After our certifícate of judgment issued in Montgomery II, the wife filed a renewed motion for implementation of a QDRO and a request for an order setting a final hearing on her petition for a rule nisi. The wife sought a hearing on her motion for implementation of a QDRO that she had filed on October 11, 2010 (which led to the husband’s petition for writ of mandamus in Montgomery II). The wife incorporated her October 11, 2010, motion for implementation into her renewed motion for implementation, and she requested a hearing on her petition for a rule nisi as this court had instructed in Montgomery I. See Montgomery I, 87 So.3d at 174.
In response to the wife’s motion, the husband filed an objection to the wife’s motion to implement a QDRO and a motion to dismiss. The husband argued that the wife’s motion to implement a QDRO did not invoke the trial court’s jurisdiction to enter a QDRO that modifies the divorce judgment. The husband requested a hearing on his objection and motion to dismiss. On October 25, 2011, the trial court entered an order vacating the March 2011 QDRO, as well as QDROs entered in May 2005 and February 2008 (which were part of the proceedings in Montgomery I, supra ), and the trial court scheduled a hearing on the wife’s petition for a rule nisi.
The trial court conducted an ore tenus hearing on November 80, 2011. During that hearing, the wife and the husband testified regarding the issue of contempt and they testified regarding their understanding of what paragraph nine of the divorce judgment awarded the wife. The wife maintained that paragraph nine awarded her 35% of the husband’s retirement benefits — including his Army/Air Force Exchange Service (“AAFES”) benefits and his Executive Management Program (“EMP”) benefits — as determined by considering the total amount of benefits he was eligible for as of the date the husband retired, which was in December 2007.[1] However, the husband maintained that the wife was entitled to 35% of his AAFES benefits that were acquired during the parties’ marriage and that the reference in the second sentence of paragraph nine that allowed the wife any increases that the husband may get referred to any applicable cost-of-living increases that the husband might get after he retired. The husband further testified that he had elected a spousal annuity on behalf of his current wife, which reduced the amount of the retirement benefits he received. At the conclusion of the hearing, the trial court stated on the record that the wife’s percentage award of the husband’s AAFES retirement benefits should be calculated using the husband’s retirement date, not the date the parties filed for a divorce.
On December 2, 2011, the trial court entered an order finding the husband in contempt for failure to pay the wife 35% of the husband’s AAFES retirement benefits from January 2008 through December 2011. The trial court further held that the retirement benefits should be “figured at 35% of the total AAFES retirement benefits without deduction for spousal support.” The trial court held that the husband could *154 purge himself of contempt by “see[ing] that a [QDRO] is implemented to pay [the wife] 35% of his AAFES [retirement, and an additional arrearage for reduced payments due to voluntary spousal deduction entered into by the [husband],” by January 10, 2012. The trial court reserved ruling on other matters, such as whether the husband’s EMP benefits were included in the wife’s award of 35% of the husband’s retirement benefits. On December 30, 2011, the husband filed a timely petition for a writ of mandamus. On January 3, 2012, this court granted the husband’s request for a stay of enforcement of the trial court’s December 2, 2011, order.

Relief Requested

The husband asks this court to grant his petition for a writ of mandamus and to order the trial court: (1) to vacate the December 2, 2011, order insofar as it found him in contempt; (2) to vacate the December 2, 2011, order, insofar as it required him to implement a QDRO based on the date of his retirement, rather than the date that the parties filed for a divorce, because the trial court did not have subject-matter jurisdiction to consider the wife’s motion to implement a QDRO; and (3) to conduct a hearing on his objection and motion to dismiss before another order concerning a QDRO is entered.

Standard of Review

“ ‘ “Mandamus is an extraordinary remedy and will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ” ’
“Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Mandamus will lie to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).”
Montgomery II, 79 So.3d at 667 (quoting Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala.2004)).

Discussion

First, we will consider whether any part of the trial court’s December 2, 2011, order is void. See Insurance Mgmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991) (citing Satterfield v. Winston Indus., Inc., 553 So.2d 61 (Ala.1989)) (“A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.”). In that regard, the husband argues that the wife’s renewed motion to implement a QDRO failed to invoke the subject-matter jurisdiction of the trial court because the proposed QDRO attached to the wife’s motion would have resulted in a modification of the property-division terms of the parties’ divorce judgment, specifically, paragraph nine of the divorce judgment. Thus, the husband argues, as he did in Montgomery II, that the wife was required to either file a modification petition with new filing fees or to formally amend her petition for a rule nisi. Because the wife did not do either of those things, the husband contends, the trial court was without subject-matter jurisdiction to rule on the wife’s renewed motion to implement a QDRO.
In response, the wife argues that this court has already decided this question in Montgomery II. We agree. In Montgomery II, as set forth above, we held that a motion to implement a QDRO was a cognizable request for relief in a pending contempt action and that the trial court had “subject-matter jurisdiction to rule on a *155 motion requesting the entry of a QDRO to implement a provision of the divorce judgment as part of an existing contempt action.” 79 So.3d at 669. Thus, because we held that the trial court had jurisdiction to rule on the wife’s motion to implement a QDRO and because the wife only renewed that motion after we issued a certificate of judgment in Montgomery II, the law-of-the-case doctrine applies, and we conclude that the trial court still had jurisdiction to consider the wife’s motion to implement a QDRO. See Ex parte S.T.S., 806 So.2d 336, 341 (Ala.2001) (quoting Blumberg v. Touche Ross & Co., 514 So.2d 922, 924 (Ala.1987)) (“According to the doctrine of the law of the case, ‘whatever is once established between the same parties in the same case continues to be the law of that case, whether or not correct on general principles, so long as the facts on which the decision was predicated continue to be the facts of the case.’ ”).
The husband also argues, as he did in Montgomery II, that what the wife is really asking for is a modification of the divorce judgment. But, as we stated already, “the wife’s request for the entry of a QDRO [i]s not, in and of itself, a request to modify the divorce judgment.” Montgomery II, 79 So.3d at 669. “[T]he entry of a QDRO is a method of enforcing or implementing the terms of an existing divorce judgment.” Id. We disagree with any contention made by the husband that, because the wife’s proposed QDRO did not use the terms used in the divorce judgment verbatim, it follows that the wife was essentially seeking a “modification” of the divorce judgment. In order for a QDRO to be valid, it must clearly specify certain facts as set forth in 26 U.S.C. § 414(p)(2). Paragraph nine of the divorce judgment does not include all the specific facts necessary to meet the requirements of 26 U.S.C. § 414(p)(2). Thus, it follows that a QDRO implemented by the trial court will have more detail than paragraph nine of the divorce judgment.[2]
The husband also argues that he was denied procedural due process because the trial court failed to conduct a hearing on his objection and motion to dismiss for lack of subject-matter jurisdiction. See Neal v. Neal, 856 So.2d 766, 782 (Ala.2002) (quoting Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940)) (“ ‘[D]ue process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.’ ” (emphasis omitted)). We cannot conclude that the trial court erred by failing to conduct a formal hearing on the husband’s objection and motion to dismiss for lack of subject-matter jurisdiction before it ordered the husband to initiate the implementation of a QDRO. As grounds for his objection and motion to dismiss for lack of subject-matter jurisdiction, the husband raised the same arguments that this court rejected in Montgomery II. Because this court had determined that the trial court had subject-matter jurisdiction to consider the wife’s motion for implementation of a QDRO, the trial court could not have de *156 termined otherwise after being presented the same arguments by the husband. See Ex parte S.T.S., 806 So.2d at 341 (citing Murphree v. Mmphree, 600 So.2d 301, 302 (Ala.Civ.App.1992)) (“The issues decided by an appellate court become the law of the case on remand to the trial court, and the trial court is not free to reconsider those issues.”).
Furthermore, we do not agree with the husband’s argument insofar as it can be interpreted as asserting that he was denied procedural due process because the trial court did not conduct a hearing on his substantive challenges to the wife’s motion to implement a QDRO before he was ordered to initiate the implementation of a QDRO in the December 2011 order. In his objection and motion to dismiss, the husband essentially argued that the wife’s proposed QDRO contained language that modified, rather than enforced, the divorce judgment. At the November 2011 ore ten-us hearing, the wife and the husband testified regarding their interpretation of what benefits the wife was entitled to based on the language of the divorce judgment. The trial court ultimately agreed with the wife and concluded that paragraph nine of the divorce judgment awarded the wife 35% of the husband’s retirement benefits as determined on the date of his retirement. A review of the transcript of the ore tenus proceeding, which the wife attached to her response to the husband’s petition for a writ of mandamus, clearly indicates that the husband was able to make substantive challenges to the wife’s proposed QDRO and that he was able to present evidence to support his argument that the wife’s interpretation of paragraph nine of the divorce judgment was not in accordance with the terms of the divorce judgment. Therefore, we cannot agree that the husband’s procedural-due-process rights were violated, as they were in Montgomery II when the trial court did not afford the husband the “opportunity to answer and be heard on the wife’s request for implementation of a QDRO.” 79 So.3d at 670.[3] See Neal v. Neal, supra. Accordingly, based on the arguments presented by the husband, we cannot conclude that any part of the trial court’s December 2, 2011, order was void.
 The husband also argues that the trial court exceeded its discretion by finding him in contempt. However, the husband has cited no authority that would support a conclusion that a petition for a writ of mandamus is the appropriate method of reviewing that determination. We understand that the husband does not agree with the terms of the QDRO that the trial court ordered him to implement in order to purge himself of contempt. However, “ ‘[i]t is well established in Alabama that a writ of mandamus, which is a drastic and extraordinary remedy, will not issue when there is an adequate remedy by appeal, and that the writ cannot be used as a substitute for appellate review.’ ” Ex parte Weaver, 781 So.2d 944, 949 (Ala. 2000) (quoting Ex parte Fowler, 574 So.2d 745, 747 (Ala.1990)). Accordingly, we will not consider, at this time, whether the trial court exceeded its discretion by finding the husband in contempt.
We note that our conclusions today— that the trial court has subject-matter jurisdiction to consider the wife’s motion to implement a QDRO and that the trial court did not violate the husband’s procedural-due-process rights — are not equivalent to a holding that the terms of the QDRO that the trial court ordered the *157 husband to implement were proper. The question whether the trial court improperly ordered the husband to initiate the implementation of a QDRO that substantively modified the property-division terms of the parties’ divorce judgment has not yet been addressed by this court, and we will not consider that question at this time because such a question is reviewable by appeal. See, e.g., Romer v. Romer, 44 So.3d 514, 518-19 (Ala.Civ.App.2009) (reviewing an appeal taken from the entry of a QDRO). See also Ex parte Weaver, supra.

Conclusion

Because the husband has not shown a clear legal right to the relief he seeks in his petition for a writ of mandamus and because the husband has not demonstrated that he lacks an adequate remedy other than the issuance of a writ of mandamus, we deny the husband’s petition. The stay of the trial court proceedings issued by this court on January 3, 2012, is lifted.
PETITION DENIED; STAY LIFTED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. It was undisputed that the husband’s EMP benefits could not be disbursed through a QDRO.

. However, as we have warned in Montgomery II, the trial court is not permitted to modify the property-division provisions of a divorce judgment more than 30 days after the entry of the final judgment except to correct clerical errors. 79 So.3d at 669 n. 5 (quoting Jardine v. Jardine, 918 So.2d 127, 130-31 (Ala.Civ.App.2005), quoting in turn Ex parte Littlepage, 796 So.2d 298, 301 (Ala.2001), quoting in turn Hamilton v. Hamilton, 647 So.2d 756, 759 (Ala.Civ.App.1994)). Thus, any QDRO that the trial court enters may do "nothing more than 'implement the division of property as stated in the parties’ divorce judgment.’ ” Montgomery II, 79 So.3d at 668-69 (quoting Montgomery I, 37 So.3d at 173 n. 7).

. Any further substantive challenges to the terms of the QDRO the husband was ordered to implement may be raised in a timely post-judgment motion once the trial court enters a final judgment that addresses each issue pending before it.