BRYAN, Judge,
concurring specially.
As noted in the main opinion, the Alabama Supreme Court has held that a violation of due process “ ‘provides] a foundation for declaring a judgment void’ ” pursuant to Rule 60(b)(4), Ala. R. Civ. P., only if the alleged due-process violation related to a violation of “ ‘procedural, rather than substantive, due process.’ ” 118 So.3d at 190 (quoting Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala.2003)). I agree with the main opinion insofar as it concludes that the errors alleged by Scott Christopher Hobbs in his Rule 60(b)(4) motion to vacate the June 2006 judgment “amounted solely to a violation of substantive, not procedural, due process.” 118 So.3d at 191. Because I am constrained by our supreme court’s decision in Ex parte Third Generation, supra, see State Farm Mut. Auto. Ins. Co. v. Carlton, 867 So.2d 320, 325 (Ala.Civ.App.2001) (“[The Court of Civil Appeals] is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala. Code 1975, and we have no authority to overrule that court’s decisions.”), I concur in the decision reached in the main opinion.
However, I take this opportunity to remind the parties that
“[i]t is the policy of this state to assure that minor children have frequent and continuing contact with parents who have shown the ability to act in the best interest of their children and to encourage parents to share in the rights and responsibilities of rearing their children after the parents have separated or dissolved their marriage.”
§ 30-3-150, Ala.Code 1975. Cf § 30-3-160, Ala.Code 1975 (the Alabama Parents Child Relationship Protection Act, § 30-3-160 et seq., Ala.Code 1975, “promotes the general philosophy in this state that children need both parents, even after a divorce, established in [§ ] 30-3-150”).