BRYAN, Judge.
 

 Clark Daniel Montgomery (“the husband”) appeals from a judgment of the Russell Circuit Court (“the trial court”) purporting to correct a clerical error in a Qualified Domestic Relations Order (“QDRO”) in case no. DR-99-138. Cynthia C. Montgomery (“the wife”) cross-appeals from the same judgment of the trial court insofar as it denied her petition for a rule nisi without conducting an evi-dentiary hearing on the merits in case no. DR-99-138.01.
 

 The parties were married on July 17, 1975, and they were divorced by the trial court on May 11, 1999. The parties executed a written agreement regarding the division of their marital property on April 5, 1999, and the divorce judgment incorporated the parties’ written agreement. The parties’ agreement provided, among other things, that the wife would receive an award of the husband’s retirement benefits, as follows:
 

 “9. RETIREMENT: The Wife is hereby awarded 35% of the Husband’s retirement excluding his Social Security. Said award shall include any increases
 
 *170
 
 that the husband may get prior to and following the time he begins to draw his retirement benefits.
 

 “10. 401K FUND: The Wife is hereby awarded $15,000.00 of the husband’s 401K fund.... This decree meets the definition of a Qualified Domestic Relations Order as specified in ERISA Section 206(d) and Internal Revenue Code 414(p)....”
 

 The record contains a QDRO signed and entered by the trial court on May 13,1999, regarding the retirement benefits set forth in paragraph 10 of the parties’ agreement.
 
 [1]
 
 Neither the parties’ written agreement nor the divorce judgment provided for a QDRO to be entered to implement the provision set forth in paragraph 9 of the parties’ agreement.
 

 On May 11, 2005,
 
 [2]
 
 at the request of the wife, the trial court entered a QDRO regarding the payment of the retirement benefits set forth in paragraph 9 of the parties’ agreement (“QDRO # 2”). QDRO # 2 stated, in pertinent part:
 

 “[T]hat [the wife] is entitled to receive a benefit from [the Basic Retirement Plan for Employees of Army & Air Force Exchange Service] of a benefit payable to [the wife] that is equivalent in value to 35% of [the husband’s] accrued benefit due to benefit service between
 
 July 17, 1975 and January 1, 1999,
 
 commencing on the earliest date on which [the husband] could commence receiving benefits if [the husband] separated from service.”
 

 (Emphasis added.) The husband did not object to the entry of QDRO # 2, despite the fact that he apparently never received formal notice of the wife’s request for the trial court to enter QDRO # 2. QDRO # 2 contained a provision that stated that the trial court “retain[ed] jurisdiction to amend this [o]rder for purposes of establishing and maintaining its qualifications as a [QDRO]....”
 

 On December 14, 2007, two and one-half years after the trial court had entered QDRO #2, the wife filed a motion to amend QDRO # 2. She stated that QDRO #2 erroneously stated that the “benefit service dates” were between July 17, 1975, and January 1, 1999.
 
 [3]
 
 The wife argued that, pursuant to paragraph 9 of the parties’ agreement as incorporated into the divorce judgment, she was entitled to 35% of the husband’s retirement benefits from July 17, 1975, until the date of the husband’s retirement, including any increases he received “prior to and following the time he began to receive retirement benefits.” The wife’s motion included a certificate of service stating that the motion had been mailed to the husband at an address in Texas. It was undisputed that the wife had not paid any filing fees related to the proceeding resulting in QDRO # 2 or the proceeding seeking to amend QDRO # 2.
 

 On February 8, 2008, the trial court “set aside” QDRO # 2 and entered an amended QDRO (“QDRO #3”), which stated that the wife
 

 “is entitled to receive a benefit from [the Basic Retirement Plan for Employees of Army & Air Force Exchange Service] of a benefit payable to [the husband] that is equivalent in value to 35% of the
 
 *171
 
 [husband’s] accrued benefit due to benefit service between
 
 July 17, 1975 and the date of the [husband’s] retirement,
 
 commencing on the earliest date on which the [husband] could commence receiving benefits if the [husband] separated from service.”
 

 (Emphasis added.)
 

 On February 26, 2008, the husband filed a motion to set aside QDRO # 3. In support of his motion, the husband argued that the wife’s motion to amend QDRO # 2 was in fact a petition to modify the divorce judgment regarding her support, that he had not been properly served with the wife’s “petition to modify,” that the wife had failed to pay the required filing fee for a “petition to modify,” that the trial court had not retained jurisdiction over QDRO # 2 and, thus, lacked jurisdiction to enter QDRO # 3 because the modification was not required for “the purpose of establishing or maintaining its qualifications as an approved plan,” and that the wife had committed a fraud on the court by seeking to substantially increase the amount of retirement benefits she was due pursuant to the parties’ agreement as it was incorporated into the divorce judgment.
 

 In response to the husband’s motion, the wife argued that QDRO #2 contained a “clerical error” because it stated that the wife would receive 35% of the husband’s retirement benefits that had accrued only between July 17, 1975, and
 
 January 1, 1999.
 
 The wife further argued that QDRO # 3 does not modify the original judgment of divorce, but only enforces the original agreement of the parties, and that a copy of the motion to amend was mailed to the husband at his last known address.
 

 On May 16, 2008, the wife initiated a separate action requesting that the trial court issue a rule nisi and hold the husband in civil and criminal contempt for failing to pay the wife 35% of the retirement benefits that he had been receiving, in violation of the divorce judgment entered by the trial court in 1999.
 

 The trial court conducted a hearing on all pending motions on September 11, 2008. The trial court heard arguments from both parties regarding the amendment of QDRO #2, specifically, whether QDRO #3 corrected a clerical error in QDRO # 2 or whether QDRO # 3 constituted an amendment to the divorce judgment. The trial court stated that the issue was one of law, that it would take the matter under advisement, and that it would set the hearing on the wife’s motion for a rule nisi for a later date.
 

 However, the wife proceeded to offer the testimony of her former attorney who had prepared and filed QDRO # 2 on behalf of the wife. The wife’s former attorney testified that he had made a clerical error in entering the date “January 1, 1999,” because it was not in accordance with the parties’ written agreement that had been incorporated into the divorce judgment. The wife’s former attorney also stated that the wife had pointed out the error after he had filed QDRO #2 with the trial court but that the wife had retained new counsel before he had had the opportunity to correct the error.
 

 On December 31, 2008, the trial court entered an order stating that QDRO # 2 “contained a misstatement of the agreement of the parties.” The trial court also ruled on the wife’s petition for a rule nisi and held that the husband was not in contempt for failure to pay retirement benefits to the wife. The trial court ordered that QDRO #3 was “in full force and effect.” The husband and the wife filed timely notices of appeal to this court.
 

 On appeal the husband argues that the trial court did not have jurisdiction to enter QDRO #2 or QDRO #3 because he
 
 *172
 
 was not properly served with summonses or notice of the wife’s petitions and because the wife did not pay new filing fees. The husband also argues that the trial court did not have jurisdiction to enter QDRO #3 because, he says, it was an amendment to the divorce judgment that was entered in 1999 and the trial court had lost jurisdiction to amend the divorce judgment. The wife cross-appeals and argues that the trial court erred in concluding that the husband was not in contempt without conducting an evidentiary hearing.
 

 The Husband’s Appeal
 

 The husband argues that the wife was required to pay a new filing fee upon her request for QDRO #2 because the wife was “seeking to modify or enforce an existing domestic relations order.”
 
 See
 
 § 12-19~71(a)(7), Ala.Code 1975 (requiring the payment of a filing fee in the amount of “[t]wo hundred forty-eight dollars ($248) for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations order”). The wife argues that she was not required to pay filing fees because QDRO # 2 and QDRO # 3 were both entered by the trial court pursuant to its power to correct clerical errors pursuant to Rule 60(a), Ala. R. Civ. P.
 

 The issue at the heart of this case is whether a trial court retains jurisdiction over a divorce judgment in order to implement or enforce its judgment. This court has held that “[a] court rendering a judgment has the inherent power to enforce its judgment and to make such orders as may be necessary to render it effective.”
 
 King v. King,
 
 636 So.2d 1249, 1254 (Ala.Civ.App.1994);
 
 see also Patchett v. Patchett,
 
 469 So.2d 642 (Ala.Civ.App.1985). We conclude that a trial court has the inherent power to issue a QDRO subsequent to the entry of a divorce judgment in an effort to implement or enforce the judgment or to render the divorce judgment effective.
 
 Cf. Jardine v. Jardine,
 
 918 So.2d 127, 131-32 (Ala.Civ.App.2005) (discussing and quoting
 
 Haney v. Haney,
 
 50 Ala.App. 79, 81, 277 So.2d 356, 357 (Ala.Civ.App.1973), in which this court held that a trial court had the power to order the sale of a marital residence, even though a provision for the sale of the marital residence was not set forth in the parties’ original agreement or the divorce judgment, because “the parties’ original divorce agreement and resulting judgment ‘was
 
 final only under the circumstances existing at the time,
 
 but [was] subject to
 
 modification for the pmpose of implementing’ the result intended by that judgment ”).
 

 However, we agree with the husband that the wife should have filed separate actions, paid the appropriate filing fees, and given the husband proper notice of her filings because the wife was seeking to implement or enforce the divorce judgment.
 
 [4]
 

 Cf. Colburn v. Colburn,
 
 14 So.3d 176, 178 (Ala.Civ.App.2009) (holding that the trial court lacked jurisdiction to enter a judgment of contempt “because the parties filed their [contempt] motions after the entry of a final judgment in the case, [and, therefore,] their motions constituted independent proceedings over which the trial court could gain jurisdiction only if the parties paid the filing fees required to commence such proceedings”). Section 12-19-71(a), Ala.Code 1975, sets forth the amount of filing fees to be paid in civil actions, and subsection (7) states the dollar amount required “for cases filed in the domestic relations docket of the circuit
 
 *173
 
 court seeking to modify or enforce an existing domestic relations order.”
 

 Because the wife did not pay any filing fees when filing her motion requesting the entry of a QDRO, the trial court was never vested with jurisdiction to enter QDRO # 2, and, therefore, its judgment of May 11, 2005, purporting to enter QDRO # 2 is void.
 
 [5]
 

 See Vann v. Cook,
 
 989 So.2d 556, 559 (Ala.Civ.App.2008) (holding that “[a] judgment entered by a court lacking subject-matter jurisdiction is absolutely void”). We further conclude that the trial court did not have jurisdiction to enter QDRO # 3 for the same reasons that it did not have jurisdiction to enter QDRO #2 and that, therefore, the trial court’s judgment of February 8, 2008, is void as well.
 
 [6]
 
 “A void judgment will not support an appeal, and ‘an appellate court must dismiss an attempted appeal from such a void judgment.’ ”
 
 Colburn v. Colburn,
 
 14 So.3d at 179 (quoting
 
 Vann v. Cook,
 
 989 So.2d at 559). Therefore, the husband’s appeal is dismissed, and the trial court is instructed to vacate its order of February 8, 2008, and to vacate its order of May 11, 2005.
 
 [7]
 

 The Wife’s Cross-Appeal
 

 The wife argues on appeal that the trial court erred in failing to conduct an evidentiary hearing on her petition for a rule nisi because the trial court made its finding without hearing any evidence regarding her allegations of contempt. At the final hearing in this case, the trial court stated on the record that a hearing on the wife’s contempt petition, which was properly filed as a separate action, would be continued and rescheduled for a later date. However, the trial court, without hearing any evidence regarding contempt, issued a judgment finding that the husband was not in contempt.
 

 Generally, “ ‘[w]hether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is
 
 unsupported by the evidence
 
 so as to be plainly and palpably wrong, this
 
 *174
 
 court will affirm.’”
 
 Gordon v. Gordon,
 
 804 So.2d 241, 248 (Ala.Civ.App.2001) (quoting
 
 Stack v. Stack,
 
 646 So.2d 51, 56 (Ala.Civ.App.1994)) (emphasis added). The husband argues that it was undisputed that he had paid the retirement benefits required pursuant to all valid orders of the trial court. Although it was undisputed that the husband had paid the wife the benefits as set forth in paragraph 10 of the parties’ written agreement, there is nothing in the record to indicate that the husband had paid the wife any portion of the retirement benefits contemplated in paragraph 9 of the parties’ agreement. Because the trial court heard no evidence regarding the allegations set forth in the wife’s petition for a rule nisi and because there is no evidence in the record to support the trial court’s finding that the husband was not in contempt, the judgment of the trial court finding that the husband was not in contempt is due to be reversed, and the cause is remanded for the trial court to conduct an evidentiary hearing on the wife’s petition for a rule nisi.
 

 APPEAL — APPEAL DISMISSED WITH INSTRUCTIONS.
 

 CROSS-APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.
 

 [1]
 

 . It was undisputed that the husband had paid the wife the retirement benefits set forth in paragraph 10 of the parties' agreement.
 

 [2]
 

 . The order of the trial court states that it was signed on May 11, 2004. No explanation for this discrepancy is offered, except that the trial court could have incorrectly dated the order. Nonetheless, the order was not entered by the clerk of the trial court until May 11, 2005.
 

 [3]
 

 . Apparently, January 1, 1999, is the date the parties separated.
 

 [4]
 

 . We note that there was some indication that the husband had actual notice of the wife’s intent to initiate the proceedings seeking the entry of the QDROs, but the parties do not dispute the fact that the wife did not pay any filing fees.
 

 [5]
 

 . Although the husband did not object to the entry of QDRO # 2, subject-matter jurisdiction cannot be waived.
 
 See Riley v. Hughes,
 
 17 So.3d 643, 648 (Ala.2009) ("subject-matter jurisdiction cannot be waived by the failure to argue it as an issue”).
 

 [6]
 

 . Because we have concluded that the trial court lacked jurisdiction to enter QDRO # 2, the wife's argument that QDRO # 3 was entered pursuant to Rule 60(a) to correct a clerical error contained in QDRO # 2 is without merit. Furthermore, we reject the wife’s argument that QDRO # 2 was entered to correct a clerical error in the parties’ divorce judgment pursuant to Rule 60(a). We conclude that the entry of QDRO # 2 goes beyond the scope of Rule 60(a), which
 

 "deals solely with the correction of clerical errors. Errors of a more substantial nature are to be corrected by a motion under Rules 59(e)[, Ala. R. Civ. P.,] or 60(b)[, Ala. R. Civ. Pj. Thus the Rule 60(a) motion can only be used to make the judgment or record speak the truth and cannot be used to make it say something other than what was originally pronounced.”
 

 Committee Comments on 1973 Adoption of Rule 60.
 

 [7]
 

 .Because the trial court never acquired jurisdiction to enter or "amend” a QDRO in this case, we pretermit discussion of the husband’s argument that QDRO # 3 substantially modified the division of the parties' marital property. We note that any subsequent QDRO entered by the trial court may be used only to implement the division of property as stated in the parties' divorce judgment. However, the entry of a QDRO, in and of itself, is not a modification of a property division.
 
 See King v. King,
 
 636 So.2d at 1253-54 ("Changing the method of disposition of marital property merely modifies the means of disposing of the property, and not the division of the property.” (citing
 
 Posey v. Loomis,
 
 641 So.2d 797 (Ala.Civ.App.1993))).