BRYAN, Judge.
Clark Daniel Montgomery (“the husband”) filed a petition for a writ of mandamus seeking relief from a Qualified Domestic Relations Order (“QDRO”) entered by the Russell Circuit Court. We grant the petition in part and deny it in part.

Procedural History of Prior Appeal

This is the second time that the husband and Cynthia C. Montgomery (“the wife”) have appeared before this court. We set forth the pertinent procedural history of this case in Montgomery v. Montgomery, 37 So.3d 168 (Ala.Civ.App.2009), as follows:
“The parties were married on July 17, 1975, and they were divorced by the trial court on May 11, 1999. [The divorce action was assigned case no. DR-99-138.] The parties executed a written agreement regarding the division of their marital property on April 5, 1999, and the divorce judgment incorporated the parties’ written agreement. The parties’ agreement provided, among other things, that the wife would receive an award of the husband’s retirement benefits, as follows:
“‘9. RETIREMENT: The Wife is hereby awarded 35% of the Husband’s retirement excluding his Social Security. Said award shall include any increases that the husband may get prior to and following the time he begins to draw his retirement benefits.
“10. 401K FUND: The Wife is hereby awarded $15,000.00 of the husband’s 401K fund.... This decree meets the definition of a [QDRO] as specified in ERISA Section 206(d) and Internal Revenue Code 414(p).... ’
“The record contains a QDRO signed and entered by the trial court on May 13, 1999, regarding the retirement benefits set forth in paragraph 10 of the parties’ agreement. Neither the parties’ written agreement nor the divorce judgment provided for a QDRO to be entered to implement the provision set forth in paragraph 9 of the parties’ agreement.
“On May 11, 2005, at the request of the wife, [in case no. DR-99-138,] the trial court entered a QDRO regarding the payment of the retirement benefits set forth in paragraph 9 of the parties’ agreement (‘QDRO #2’). QDRO #2 stated, in pertinent part:
“ ‘[T]hat [the wife] is entitled to receive a benefit from [the Basic Retirement Plan for Employees of Army & Air Force Exchange Service] of a benefit payable to [the wife] that is equivalent in value to 35% of [the husband’s] accrued benefit due to benefit service between July 17, 1975 and January 1, 1999, commencing on the earliest date on which [the husband] could commence receiving benefits if [the husband] separated from service.’
“(Emphasis added.) The husband did not object to the entry of QDRO #2, despite the fact that he apparently never received formal notice of the wife’s request for the trial court to enter QDRO #2....
“On December 14, 2007, two and one-half years after the trial court had entered QDRO # 2, the wife filed a motion to amend QDRO #2. She stated that QDRO #2 erroneously stated that the ‘benefit service dates’ were between July 17, 1975, and January 1, 1999. The wife argued that, pursuant to paragraph 9 of the parties’ agreement as incorporated into the divorce judgment, she was entitled to 35% of the husband’s retirement benefits from July 17, 1975, until the date of the husband’s retirement, including any increases he received ‘prior to and following the time he began to receive retirement benefits.’ The wife’s *663 motion included a certifícate of service stating that the motion had been mailed to the husband at an address in Texas. It was undisputed that the wife had not paid any filing fees related to the proceeding resulting in QDRO #2 or the proceeding seeking to amend QDRO #2.
“On February 8, 2008, [in case no. DR-99-138,] the trial court ‘set aside’ QDRO #2 and entered an amended QDRO (‘QDRO # 3’), which stated that the wife
“ ‘is entitled to receive a benefit from [the Basic Retirement Plan for Employees of Army & Air Force Exchange Service] of a benefit payable to [the husband] that is equivalent in value to 35% of the [husband’s] accrued benefit due to benefit service between July 17, 1975 and the date of the [husband’s] retirement, commencing on the earliest date on which the [husband] could commence receiving benefits if the [husband] separated from service.’
“(Emphasis added.)
“On February 26, 2008, the husband filed a motion to set aside QDRO #3....
“On May 16, 2008, the wife initiated a separate actionf, which was assigned case no. DR-99-138.01,] requesting that the trial court issue a rule nisi and hold the husband in civil and criminal contempt for failing to pay the wife 35% of the retirement benefits that he had been receiving, in violation of the divorce judgment entered by the trial court in 1999.
“On December 31, 2008, the trial court entered an order stating that QDRO # 2 ‘contained a misstatement of the agreement of the parties.’ The trial court also ruled on the wife’s petition for a rule nisi and held that the husband was not in contempt for failure to pay retirement benefits to the wife. The trial court ordered that QDRO # 3 was ‘in full force and effect.’ The husband and the wife filed timely notices of appeal to this court.’
“On appeal the husband argue[d] that the trial court did not have jurisdiction to enter QDRO # 2 or QDRO # 3 because he was not properly served with summonses or notice of the wife’s petitions and because the wife did not pay new filing fees.... The wife cross-appeal[ed] and argue[d] that the trial court erred in concluding that the husband was not in contempt without conducting an evidentiary hearing.”
37 So.3d at 169-72 (footnotes omitted).
Regarding the husband’s appeal, which addressed issues in case no. DR-99-138, we concluded that “a trial court has the inherent power to issue a QDRO subsequent to the entry of a divorce judgment in an effort to implement or enforce the judgment or to render the divorce judgment effective.” Id. at 172 (citing Jardine v. Jardine, 918 So.2d 127, 131-32 (Ala.Civ.App.2005)). However, we further concluded that the trial court did not have subject-matter jurisdiction to enter QDRO # 2 or QDRO # 3 because the filing of a QDRO, under the circumstances presented, required that the wife file a separate action, pay an appropriate filing fee, and give proper notice of her requests for a QDRO to the husband because she was seeking to implement or enforce the divorce judgment through a QDRO. Id. at 172. We held that the trial court’s judgment of May 11, 2005, which purported to enter QDRO # 2 was void, and that the trial court’s judgment of February 8, 2008, purporting to enter QDRO # 3 was void, and we dismissed the husband’s appeal with in *664 structions to the trial court to vacate the orders entered on May 11, 2005, and February 8, 2008. Id. at 173.
Regarding the wife’s cross-appeal, which addressed issues in case no. DR-99-138.01, we reversed the judgment of the trial court that denied the wife’s petition for a rule nisi “[bjecause the trial court heard no evidence regarding the allegations set forth in the wife’s petition for a rule nisi and because there is no evidence in the record to support the trial court’s finding that the husband was not in contempt. ...” Id. at 174. We remanded the cause with instructions to the trial court to conduct an evidentiary hearing on the wife’s petition for a rule nisi. Id. This court issued a certifícate of judgment on November 18, 2009.

Procedural History of Present Case

The husband filed this petition for a writ of mandamus based on events that occurred after his previous appeal was dismissed and the case was returned to the trial court on remand.
The materials provided by the parties indicate that, on remand, the wife filed motions to compel the husband to respond to discovery requests in the contempt action (case no. DR-99-138.01).
On or about October 11, 2010, the wife, in case no. DR-99-138.01, filed a motion for implementation of a QDRO. The wife alleged that the husband was retired and drawing benefits but that she had not been receiving the portion of the husband’s retirement benefits that she had been awarded pursuant to paragraph nine of the agreement incorporated into the parties’ divorce judgment (hereinafter referred to as “paragraph nine of the divorce judgment”), which is quoted above in the excerpt from Montgomery, supra. The wife requested that the trial court enter a QDRO so that her portion of the husband’s retirement benefits would be paid directly to her. The wife attached a proposed QDRO as an exhibit to her motion.
On October 14, 2010, the husband filed a motion to dismiss the wife’s motion for implementation of a QDRO. The husband alleged that the trial court did not have jurisdiction to alter or amend the QDRO that was previously entered (presumably QDRO # 3) because this court had concluded that that QDRO was void; that the wife’s motion for implementation of a QDRO was an attempt to amend a prior QDRO; and that the wife must file a petition to modify the parties’ divorce judgment, pay the appropriate filing fees, and serve the husband with the petition. The husband stated in his motion to dismiss that the motion was filed “without submitting to the jurisdiction of [the trial court] and without waiving the right to assert the defense that the [husband] has not been served by proper process as required by law.”
On October 27, 2010, the wife filed a motion for a hearing on the pending motions. Judge George Greene, the judge who had been assigned the case, set a hearing on all pending motions for January 2011, but that hearing was continued until March 16, 2011. On March 16, 2011, another judge, Judge Albert Johnson, who was the Presiding Judge of the Russell Circuit Court, entered an order that stated:
“It is hereby the finding of this Court, and in accordance with Rule 60(a), Alabama Rules of Civil Procedure, that on or about October 28, 2010, a [QDRO] was entered by Honorable George R. Greene.
“It has been determined that, due to clerical error, said order was filed as an exhibit to a motion. It has been further determined that no entry was made into the Alabama Statewide Judicial Infor *665 mation System and copies were not forwarded to the parties or their attorneys.
“Therefore, it is the Order of this Court that the [QDRO] signed by George R. Greene, Circuit Judge, on October 28, 2010, shall be recognized and entered this date. The circuit clerk is further directed to forward copies to all parties.”[1]
The materials provided by the parties indicate that a QDRO was entered in case no. DR-99-138.01 on March 16, 2011, (although it was dated October 28, 2010) that addressed the wife’s receipt of a portion of the husband’s retirement benefits. The QDRO also stated that “all previous [QDROs] entered in this matter are null and void.”
On March 17, 2011, the husband filed a motion to vacate the March 16, 2011, order and a motion for a hearing on the trial court’s jurisdiction to enter a QDRO. The husband alleged that the trial court had not vacated the QDROs entered in May 2005 and February 2008 as was required per the instructions from this court in Montgomery, supra, and that the wife’s request for a QDRO through her petition for a rule nisi did not properly invoke the jurisdiction of the trial court and did not properly put the husband on notice of a proposed “modification.” The husband further alleged that he had been denied due process of law by the trial court’s failure to conduct a hearing on his motion to dismiss. On the same day, the husband filed a motion to stay all proceedings in case no. DR-99-138.01.
On March 21, 2011, the husband filed a motion for a new trial alleging that the trial court’s March 16, 2011, order was a final judgment on all pending motions and requesting a new trial, pursuant to Rule 59, Ala. R. Civ. P., on the wife’s motion for implementation of a QDRO. On the same day, the husband filed a motion to vacate that portion of the trial court’s March 16, 2011, order that required him to comply with the wife’s discovery requests; he alleged that since a final judgment had been entered that did not find him in contempt, the wife’s discovery requests were moot.[2]
On March 22, 2011, Judge Johnson entered an order that denied the husband’s motion to dismiss; that granted the wife’s motion to compel and her motion for a court order requesting release of information; and that reserved for a final hearing a ruling on the wife’s petition for a rule nisi. On April 15, 2011, Judge Johnson denied the motions filed by the husband on March 17, and March 21, 2011. The husband filed a petition for a writ of mandamus in this court on April 20, 2011.

Relief Requested

The husband contends that a writ of mandamus is due to be issued because Judge Johnson did not have the authority to enter any orders in case no. DR-99-138.01 and that, therefore, those orders are due to be vacated. Alternatively, the husband argues that the writ of mandamus should issue because the QDRO rendered *666 by Judge Greene in October 2010 and entered by order of Judge Johnson in March 2011 is void for lack of subject-matter jurisdiction.

Finality of the QDRO Entered on March 16, 2011

The husband filed a petition for a writ of mandamus seeking an order from this court directing the Russell Circuit Court to vacate the QDRO entered on March 16, 2011, for the reasons stated above. First, however, we must determine whether a petition for a writ of mandamus or an appeal is the proper means of requesting this relief.
The husband argues that the March 16, 2011, order issued by Judge Johnson ordering the entry of the QDRO rendered by Judge Greene in October 2010 was a final judgment because, he asserts, by its silence regarding the pending contempt issue, the March 16, 2011, order implicitly denied the wife’s pending petition for a rule nisi. See Faellaci v. Faellaci, 67 So.3d 923, 925 (Ala.Civ.App.2011) (concluding that the trial court’s judgment, which did not explicitly rule on a pending petition for a rule nisi, “sufficiently indicate[d] an intention to conclusively rule on the wife’s pending petition for a rule nisi”).
We cannot agree that the trial court’s March 16, 2011, order indicated an intention to rule on the wife’s pending petition for a rule nisi. The March 16, 2011, order did nothing more than order the entry of a QDRO that had already been rendei’ed into the State Judicial Information System. See Rule 58(a) and (c), Ala. R. Civ. P. Nothing in the order suggests that the entry of a QDRO was meant as an implicit ruling on the wife’s petition for a rule nisi. Moreover, as of March 16, 2011, the trial court still had not conducted a hearing on the wife’s petition for a rule nisi, as required by this court in Montgomery, supra, and the trial court, on March 22, 2011, specifically reserved for a final hearing a ruling on the wife’s petition for a rule nisi.
In Romer v. Romer, 44 So.3d 514, 518 (Ala.Civ.App.2009), this court discussed whether the entry of a QDRO was a final judgment capable of supporting an appeal. In that case, a judgment of divorce was entered on March 26, 2008, and we held that the divorce judgment was final “in spite of the fact that a portion of the judgment required the subsequent entry of a QDRO for implementation.” Id. We also held that a QDRO entered on September 24, 2008, “likewise constituted a final judgment because it resolved all the outstanding issues between the parties related to the implementation of the trial court’s divorce judgment.” Id. We further concluded that a judgment setting aside the September 2008 QDRO was not capable of supporting an appeal, “because [it] effectively reopened the issue of implementation of the trial court’s judgment,” but that a subsequent judgment issuing a separate QDRO was a final judgment capable of supporting an appeal for the same reasons that the September 2008 QDRO had constituted a final judgment. Id. at 518-19.
Considering that the wife’s motion for implementation was filed as part of her action initiated by the filing of a petition for a rule nisi, which had not been ruled on at time the March 2011 QDRO was entered, we cannot conclude, in this particular case, that the QDRO entered on March 16, 2011, “resolved all the outstanding issues between the parties” so that the March 2011 QDRO was a final judgment capable of supporting an appeal. Romer, 44 So.3d at 518. The entry of a QDRO to implement the award of retirement benefits to the wife was a separate but related part of the wife’s contempt action. Therefore, we conclude that the husband’s peti *667 tion for a writ of mandamus is properly before this court.

Standard of Review

“ ‘Mandamus is an extraordinary remedy and will be granted only where there is “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” ’
“Ex parte Ocwen Federal Bank, FSB, 872 So.2d 810, 813 (Ala.2003) (quoting Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991)). Mandamus will lie to direct a trial court to vacate a void judgment or order. Ex parte Chamblee, 899 So.2d 244, 249 (Ala.2004).”
Ex parte Sealy, L.L.C., 904 So.2d 1230, 1232 (Ala.2004).

Discussion

In his petition, the husband first contends that all orders issued by Judge Johnson in case no. DR-99-138.01 are void because Judge Johnson did not have the authority to enter those orders because case no. DR-99-138.01 was assigned to Judge Greene and there is no indication that the case was ever formally reassigned to Judge Johnson.[3] In the alternative, the husband argues that even if Judge Johnson had the authority as the Presiding Judge of the Russell Circuit Court to direct the clerk of the Russell Circuit Court to enter the QDRO rendered by Judge Greene, he had no authority to enter any other orders in case no. DR-99-138.01. In response, the wife argues, among other things, that the husband failed to raise this argument at any time before the trial court and thus has waived review of this issue by this court. See Ex parte State Farm Fire & Cas. Co., 794 So.2d 368, 377 (Ala.2001) (citing Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992)) (concluding that the petitioner, who sought the issuance of a writ of mandamus, had waived “any procedural irregularity” related to the respondent’s failure to attach a “privilege log” pursuant to Rule 45(d)(2), Ala. R. Civ. P., by failing to raise the issue in the trial court).
In response to the wife’s argument, the husband contends that this court should consider “mitigating circumstances” that prevented him from raising this issue below, i.e., that he was unaware that the case had not been formally reassigned to Judge Johnson until after Judge Johnson had entered the April 15, 2011, order. The husband argues that, by that time, the time for filing a petition for a writ of mandamus had already begun to run. In support of his argument that this court should consider this “mitigating circumstance,” the husband cites Ex parte Jim Walter Homes, Inc., 776 So.2d 76, 78-79 (Ala.2000), in which our supreme court held that the petitioners’ delay in filing an objection to the assignment of a trial judge in their case was not tantamount to a waiver of the objection because the petitioners objected to the assignment “the first time [the trial judge] conducted a proceeding in the case,” among other reasons. The present case is distinguishable from Ex parte Jim Walter Homes, Inc., supra, because there is no indication in the materials presented to this court that the husband, at any time while this case was pending before the trial court, argued that Judge Johnson acted outside the scope of *668 his authority by entering any order in case no. DR-99-138.01. Accordingly, because the husband never argued to the trial court that all orders entered by Judge Johnson were void because he did not have the authority to enter the orders, we conclude that the husband has waived consideration of that issue.[4] See Ex parte State Farm Fire & Cas. Co., supra; and Andrews, supra.
The husband also contends, in the alternative, that the QDRO entered on March 16, 2011, is due to be vacated because (1) the wife’s motion to implement a QDRO did not properly invoke the subject-matter jurisdiction of the trial court, (2) because his due-process rights were violated, and (3) because the trial court failed to comply with the express instructions given by this court in Montgomery, supra.
Initially, the husband contends that the wife, by merely filing a motion to implement a QDRO in her contempt action, failed to invoke the subject-matter jurisdiction of the trial court to enter a QDRO. According to the husband, the wife was required to file a separate modification action, or an amendment to her rule nisi petition, in order to obtain a QDRO that modified paragraph nine of the parties’ divorce judgment. The husband’s argument is based on the premise that the entry of a QDRO would necessarily result in a modification of the divorce judgment. However, as we stated in Montgomery, supra, “the entry of a QDRO, in and of itself, is not a modification of a property division.” 37 So.3d at 173 n. 7. So long as the trial court does nothing more than “implement the division of property as *669 stated in the parties’ divorce judgment,” id., then the entry of a QDRO will not be considered a modification of the property-division provisions in the parties’ divorce judgment.[5]
Accordingly, we conclude that the wife’s request for the entry of a QDRO was not, in and of itself, a request to modify the divorce judgment. See Montgomery, supra. We further conclude that the wife’s motion for implementation of a QDRO was cognizable as a request for relief in a pending contempt action. In Montgomery, we held that the wife was required to file a separate action to obtain a QDRO because she was seeking a method of enforcing or implementing paragraph nine of the divorce judgment.[6] A petition for a rule nisi seeking to hold a party in contempt for failure to abide by the provisions of an existing divorce judgment is a method of enforcing compliance with the existing divorce judgment. See generally Decker v. Decker, 984 So.2d 1216 (Ala.Civ.App.2007); and Committee Comments to Rule 70A, Ala. R. Civ. P. (noting that petitions for contempt are routinely used in domestic-relations actions to enforce compliance with an existing judgment). Similarly, the entry of a QDRO is a method of enforcing or implementing the terms of an existing divorce judgment. See Montgomery, 37 So.3d at 172 (“We conclude that a trial court has the inherent power to issue a QDRO subsequent to the entry of a divorce judgment in an effort to implement or enforce the judgment or to render the divorce judgment effective.”). Thus, we cannot conclude that the trial court did not have subject-matter jurisdiction to rule on a motion requesting the entry of a QDRO to implement a provision of the divorce judgment as part of an existing contempt action.
The husband next argues that the March 2011 QDRO is void because he was denied due process of law because the trial court denied his motion to dismiss without conducting a hearing on his motion. The husband contends that Judge Johnson, at the March 16, 2011, hearing, held that Judge Greene had implicitly denied his motion to dismiss by rendering a QDRO and, thus, that there was no hearing on his motion to dismiss. A review of the husband’s October 14, 2010, motion to dismiss reveals that the husband did not request a hearing on his motion, and the materials provided to this court indicate that the March 16, 2011, hearing was scheduled at the wife’s request, so that her motions to compel and her motion for implementation could be heard. Rule 78, Ala. R. Civ. P., states that, “unless there is a request for oral hearing, the court may enter an order denying a motion to dismiss without oral hearing.”[7] Accordingly, because the hus *670 band did not request an oral hearing on his motion to dismiss the wife’s motion for implementation of a QDRO, we cannot conclude that the husband’s due-process rights were violated when the trial court denied his motion to dismiss without first conducting a hearing. See Blanton v. Blanton, 463 So.2d 158, 161 (Ala.Civ.App.1984) (concluding that the husband was not denied due process when the trial court denied his motion to dismiss without a hearing because the husband did not request an oral hearing).
However, the husband further argues that because he entered only a limited appearance to challenge the trial court’s jurisdiction to consider the wife’s motion for implementation of a QDRO, and because the trial court denied his motion to dismiss the wife’s motion for implementation of a QDRO at the same time[8] that it granted the wife’s motion for implementation of a QDRO, his procedural due-process rights were violated because he was not afforded an opportunity to respond to the wife’s motion for implementation of a QDRO or to be heard on a challenge to the wife’s proposed QDRO before it was entered. The husband contends that the QDRO entered on March 16, 2011, imper-missibly modified the parties’ divorce judgment and deprived him of his property without due process of law. See generally United States Constitution, Amend. XIV, § 1 (“No state shall ... deprive any person of life, liberty, or property, without due process of law.”); and Neal v. Neal, 856 So.2d 766, 782 (Ala.2002) (quoting Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940)) (“ ‘[D]ue process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.’ ” (emphasis omitted)).
According to the materials provided to this court, after the trial court entered the QDRO on March 16, 2011, the husband filed several motions, with supporting briefs, requesting a hearing and challenging the substance of the QDRO entered, alleging that it had modified paragraph nine of the divorce judgment by expanding the wife’s award of his retirement benefits. There is no indication that the trial court conducted a hearing on any of the husband’s substantive challenges to the QDRO.
Accordingly, we agree that the husband’s due-process rights were violated because he was not afforded the opportunity to answer and be heard on the wife’s request for implementation of a QDRO. A judgment or order that is entered in violation of principles of procedural due process is void. See Ex parte Third Generation, Inc., 855 So.2d 489, 492 (Ala.2003) (discussing Neal, supra, and concluding that a judgment is void if it violates principles of procedural due process). We therefore grant the husband’s petition in part, issue the writ, and order the Russell Circuit Court to vacate the QDRO entered on March 16, 2011.
Finally, the husband contends that the QDRO entered on March 16, 2011, is void because the trial court failed to enter an order vacating the QDROs entered on May 2005 and February 2008 in case no. DR-99-138 (the divorce action). We pretermit discussion of this argument because we have determined that the
*671 March 16, 2011, QDRO must be vacated for other reasons. We note, however, that the trial court has a duty to comply with the remand instructions given by this court. See Giardina v. Giardina, 39 So.3d 204, 208 (Ala.Civ.App.2009) (quoting Brown v. Brown, 20 So.3d 139, 141 (Ala.Civ.App.2009)). Thus, the trial court is still required to enter an order, in case no. DR-99-138, vacating the QDROs entered in May 2005 and February 2008, if it has not already done so.

Conclusion

We deny the petition in part and grant the petition in part, and we direct the trial court to vacate the QDRO entered on March 16, 2011. The husband’s motion to strike parts of the wife’s response to his petition for a writ of mandamus is denied.[9]
PETITION GRANTED IN PART AND DENIED IN PART; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. See Gilliam v. Gilliam, 43 So.3d 615, 618 (Ala.Civ.App.2010) (discussing Rule 58, Ala. R. Civ. P., and stating that "[t]he rendering and the entering of a judgment are two separate acts” and that "[a] judgment, although it has been rendered, is not considered effective until it has been entered within the meaning of Rule 58(c)”); and Rule 58(c), Ala. R. Civ. P. (providing that a judgment is deemed " ‘entered’ ... as of the actual date of the input of the order or judgment into the State Judicial Information System”).

. There is an indication that Judge Johnson made an oral ruling from the bench on March 16, 2011, regarding the discovery issue, but the March 16, 2011, order included in the materials before this court does not mention the wife’s discovery requests.

. In his petition for a writ of mandamus, the husband stated that "[i]t was apparent, in the weeks leading up to the March 16, 2011, hearing, that Judge Greene had been unavailable due to medical issues.”

. Although the issue of a court's subject-matter jurisdiction cannot be waived, see Ex parte Progressive Specialty Ins. Co., 31 So.3d 661, 662 n. 1 (Ala.2009), we know of no law, and the husband has not directed our attention to any controlling authority, that would make the orders entered by Judge Johnson void for lack of subject-matter jurisdiction simply because, as far as we can tell from the materials provided by the parties, case no. DR-99-138.01 was never formally reassigned to Judge Johnson. The husband cites an opinion from the Alabama Court of Criminal Appeals, Ex parte Sandifer, 925 So.2d 290, 291 (Ala.Crim.App.2005), to support his assertion that an order issued by a judge in a case that has not been properly assigned to that judge is void. However, in Sandifer, the Court of Criminal Appeals based its decision on Ala. Code 1975, § 13A-5-9.1, part of the Habitual Felony Offender Act ("HFOA”), which vests jurisdiction in the sentencing judge or the presiding judge of die circuit court to consider a motion to reconsider a sentence filed more than 30 days after a defendant has been sentenced. See Kirby v. State, 899 So.2d 968, 971 (Ala.2004). The husband in the present case refers to the indication in Sandifer that the Court of Criminal Appeals, in a prior appeal involving Sandifer, had held that an automatic assignment of a motion to reconsider a sentence pursuant to § 13A-5-9.1 to a circuit judge that was neither the sentencing judge nor the presiding judge was void. See also Bulger v. State, 904 So.2d 219, 221 (Ala.Crim.App.2004) (dismissing an appeal as having been taken from a void judgment when a motion to reconsider a sentence pursuant to § 13A-5-9.1 had been considered by a judge that was neither the sentencing judge nor the presiding judge). The remainder of the Sandifer opinion holds that the presiding judge of the Madison Circuit Court had no authority to delegate his responsibilities as presiding judge to another circuit judge who had not been elected or appointed as a presiding judge. 925 So.2d at 296. Accordingly, the present case is distinguishable from Sandifer because there is no Code section that required the wife’s petition to be assigned to any certain judge, nor is there any indication that an appointment of a special circuit judge was required for the completion of case no. DR-99-138.01. Subject-matter jurisdiction generally lies with a court, in this case the Russell Circuit Court, and not with a specific judge sitting on that court. The husband does contend that the Russell Circuit Court did not have subject-matter jurisdiction to enter the March 16, 2011, QDRO, but he does assert that the court lacked subject-matter jurisdiction based on other reasons that are addressed later in this opinion.

. In fact, it is well settled that " ' "[a] court cannot modify property provisions [in divorce judgments], except to correct clerical errors, after 30 days from the final judgment.” ’ ” Jardine v. Jardine, 918 So.2d 127, 130-31 (Ala.Civ.App.2005) (quoting Ex parte Littlepage, 796 So.2d 298, 301 (Ala.2001), quoting in turn Hamilton v. Hamilton, 647 So.2d 756, 759 (Ala.Civ.App.1994)).

. We note that, unlike paragraph 10 of the divorce judgment, paragraph 9 of the divorce judgment did not contemplate the entry of a QDRO to implement that award. Because the divorce judgment did not contemplate the entry of a QDRO for paragraph 9, the wife was required to file an action to implement or enforce paragraph 9 through the use of a QDRO.

.We note that our supreme court has stated:
"It is clear that the requirements of Rule 78[, Ala. R. Civ. P.,] differ, depending on whether the trial court contemplates granting, as opposed to denying, a motion for a final judgment. Under the plain language of the rule and the comments to the rule, a trial court may not grant a motion to dismiss without a hearing, although, in some circumstances, it may deny such a motion.” *670 Burgoon v. Alabama State Dep’t of Human Res., 835 So.2d 131, 133 (Ala.2002).

. There is an indication that Judge Johnson, at the March 16, 2011, hearing, stated his intention to deny the husband's motion and to enter the QDRO rendered by Judge Greene in October 2010. However, the QDRO was entered on March 16, 2011, which was before the trial court entered an order denying the husband’s motion to dismiss.

. We note, however, that this court has only considered the materials properly before us. See generally Ex parte Guaranty Pest Control, Inc., 21 So.3d 1222, 1227-28 (Ala.2009).