THOMAS, Judge.
*231 Ron L. Hathaway ("the former husband") and Sally M. Foos ("the former wife") were married in 1972 and divorced by a judgment entered by the Morgan Circuit Court in 1994. The divorce judgment provides, in pertinent part:
"6. When the [former] husband effects his retirement, the [former] wife shall be entitled to receive thirty percent (30%) of [the former] husband's retirement (whether by lump sum or by installment) under whatever retirement program [the former] husband elects to receive."
In 2016 the former wife filed in the circuit court a proposed Qualified Domestic Relations Order ("QDRO") regarding each of the former husband's pension plans. On May 2, 2016, the circuit court entered an order that reads, in pertinent part:
"The Court has received two proposed Qualified Domestic Relations Orders, one for The Pension Value Plan for Employees of Boeing Company and the other for the John Deere Pension Plan for Salaried Employees, for entry in this case. Neither of the proposed Orders has been signed as approved by the [former husband]. In the absence of the [former husband]'s signatures, the Court declines to sign and enter the proposed QDRO's."
Because the former husband did not thereafter execute the proposed QDROs, the circuit court entered an order requiring him to appear at a show-cause hearing. The former husband filed a response in which he asserted, among other things, that the action was due to be dismissed because the former wife had not paid a filing fee. The former wife filed a response; however, she did not respond to the former husband's assertion regarding the nonpayment of a filing fee.
On July 7, 2016, the circuit court entered an order in which it determined, in pertinent part:
"The Court considers this to be an ancillary enforcement proceeding requested by the [former wife] to conclude a portion of the parties' property division that remains in an incomplete status many years after the entry of the Decree of Divorce. The Court necessarily retained jurisdiction to enter subsequent orders that would aid in completing the division of assets specified in the Decree of Divorce. This is not a contempt proceeding[,] at least at this stage, or a modification proceeding and does not require the payment of the civil docket fee."
On October 25, 2016, the circuit court entered a judgment, in which it reiterated its determination that the former wife was not required to commence a new action or to pay a filing fee, and it determined that the former wife was entitled to a certain percentage of all "retirement programs or plans the [former husband] elects to receive." The former husband filed a timely postjudgment motion, which the circuit court denied. The former husband filed a timely notice of appeal.
The former husband firsts asks this court to dismiss the appeal because, he argues, the circuit court incorrectly concluded that the former wife was not required to pay a filing fee. Our review of a trial court's conclusions of law is de novo. See BT Sec. Corp. v. W.R. Huff Asset Mgmt. Co., 891 So.2d 310, 312 (Ala. 2004). The former husband points to our decision in Montgomery v. Montgomery, 37 So.3d 168 (Ala. Civ. App. 2009), for his argument that the circuit court lacked subject-matter *232 jurisdiction and that, for that reason, its October 25, 2016, judgment is void. In Montgomery, we explained:
"The issue at the heart of this case is whether a trial court retains jurisdiction over a divorce judgment in order to implement or enforce its judgment. This court has held that '[a] court rendering a judgment has the inherent power to enforce its judgment and to make such orders as may be necessary to render it effective.' King v. King, 636 So.2d 1249, 1254 (Ala. Civ. App. 1994) ; see also Patchett v. Patchett, 469 So.2d 642 (Ala. Civ. App. 1985). We conclude that a trial court has the inherent power to issue a QDRO subsequent to the entry of a divorce judgment in an effort to implement or enforce the judgment or to render the divorce judgment effective. Cf. Jardine v. Jardine, 918 So.2d 127, 131-32 (Ala. Civ. App. 2005) (discussing and quoting Haney v. Haney, 50 Ala. App. 79, 81, 277 So.2d 356, 357 (Ala. Civ. App. 1973), in which this court held that a trial court had the power to order the sale of a marital residence, even though a provision for the sale of the marital residence was not set forth in the parties' original agreement or the divorce judgment, because 'the parties' original divorce agreement and resulting judgment "was final only under the circumstances existing at the time, but [was] subject to modification for the purpose of implementing" the result intended by that judgment').
"However, we agree with the husband that the wife should have filed separate actions, paid the appropriate filing fees, and given the husband proper notice of her filings because the wife was seeking to implement or enforce the divorce judgment. Cf. Colburn v. Colburn, 14 So.3d 176, 178 (Ala. Civ. App. 2009) (holding that the trial court lacked jurisdiction to enter a judgment of contempt 'because the parties filed their [contempt] motions after the entry of a final judgment in the case, [and, therefore,] their motions constituted independent proceedings over which the trial court could gain jurisdiction only if the parties paid the filing fees required to commence such proceedings'). Section 12-19-71(a), Ala. Code 1975, sets forth the amount of filing fees to be paid in civil actions, and subsection (7) states the dollar amount required 'for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations order.' "
37 So.3d at 172-73 (footnote omitted).
Section 12-19-71(7), Ala. Code 1975, provides that a filing fee of $248 is required "for cases filed in the domestic relations docket of the circuit court seeking to modify or enforce an existing domestic relations court order." By filing the proposed QDROs, the former wife sought enforcement of a provision of the existing divorce judgment, but she did not pay the appropriate filing fee. Thus, the circuit court did not acquire subject-matter jurisdiction, and the October 25, 2016, judgment is void. See Vann v. Cook, 989 So.2d 556, 559 (Ala. Civ. App. 2008) (explaining that "[a] judgment entered by a court lacking subject-matter jurisdiction is absolutely void"). "A void judgment will not support an appeal, and 'an appellate court must dismiss an attempted appeal from such a void judgment.' " Colburn v. Colburn, 14 So.3d 176, 179 (Ala. Civ. App. 2009) (quoting Vann, 989 So.2d at 559 ). The appeal is dismissed with instructions to the circuit court to vacate its October 25, 2016, judgment. Because we are dismissing the appeal, we pretermit discussion of the remaining issues raised by the former husband on appeal. See Favorite Mkt. Store v. Waldrop, 924 So.2d 719, 723 (Ala. Civ. App. 2005) (stating that the court would *233 pretermit discussion of further issues in light of the dispositive nature of another issue). The former wife's request for an award of attorney fees on appeal is denied.
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.