Rel: February 13, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2025-2026

_____

## CL-2025-0534

_____

**Howard Ross**

**v.**

**West Wind Condominium Association**

**Appeal from Madison Circuit Court**
**(CV-22-146)**

MOORE, Presiding Judge.

Howard Ross appeals from a judgment entered by the Madison Circuit Court ("the trial court") in favor of West Wind Condominium Association ("West Wind") in case number CV-22-146 following the issuance of this court's substituted opinion on application for rehearing

in <u>Ross v. West Wind Condominium Ass'n</u>, [Ms. CL-2023-0829, Feb. 7, 2025] \_\_\_ So. 3d \_\_\_ (Ala. Civ. App. 2025),[1] which reversed, in part, a September 19, 2023, judgment entered by the trial court against Ross and in favor of West Wind and remanded the case to the trial court.  We dismiss the appeal as arising from a void judgment.

In <u>Ross</u>, this court, on November 8, 2024, initially reversed in part and affirmed in part a judgment entered by the trial court against Ross for unpaid homeowners' dues and assessments totaling $29,267.29.  On November 22, 2024, Ross filed an application for rehearing, which this court granted.  On February 7, 2025, this court issued a substituted opinion reversing the judgment for the unpaid assessments and affirming the judgment for the unpaid homeowners' dues.  We remanded the case to the trial court with instructions that it "recalculate the amount of its judgment," and we affirmed the trial court's judgment in all other respects.  <u>Ross</u>, \_\_\_ So. 3d at \_\_\_.  On February 21, 2025, Ross filed a second application for rehearing; on March 21, 2025, this court entered

---

[1]This court, ex mero motu, incorporated the record on appeal in <u>Ross</u> into the present appeal.

an order overruling Ross's application for rehearing. On April 9, 2025, this court issued its certificate of judgment.

Meanwhile, on November 20, 2024, the trial court, in response to our opinion on original submission in <u>Ross</u>, purported to enter an amended judgment against Ross in the amount of "$29,721.83, plus interest[] and costs." On February 14, 2025, in response to our opinion on application for rehearing in <u>Ross</u>, West Wind filed a motion requesting that the trial court reenter its amended judgment reflecting the recalculated amount owed by Ross to West Wind. On that same date, the trial court entered an order granting West Wind's motion, and, in a separate order, it again purported to render a judgment against Ross in the amount of "$29,721.83, plus interest[] and costs." On May 6, 2025, Ross filed a motion to vacate the trial court's February 14, 2025, amended judgment; the trial court entered an order denying Ross's motion on May 15, 2025. On April 17, 2025, the trial court ordered the clerk of the court to satisfy the February 14, 2025, amended judgment, along with postjudgment interest and costs, out of a cash bond that Ross had submitted as security for his appeal in <u>Ross</u>, and, on May 1, 2025, a document was filed indicating that a $36,584.12 check had been

disbursed from Ross's cash bond. On June 26, 2025, Ross filed a notice of appeal from the February 14, 2025, amended judgment.

Ross argues on appeal that the trial court's February 14, 2025, amended judgment is invalid and is due to be vacated. We agree. "It is well settled that a trial court does not have jurisdiction to enter any order on remand until this court has entered its certificate of judgment." Ex parte Wynn, 227 So. 3d 534, 535 (Ala. Civ. App. 2017). This court had not yet entered its certificate of judgment in Ross when the trial court entered its amended judgment on February 14, 2025, and, therefore, that amended judgment is void for lack of jurisdiction. Because the trial court's February 14, 2025, amended judgment is void, its subsequent order to release funds from Ross's cash bond to West Wind, to the extent that that order is based on the trial court's February 14, 2025, amended judgment, is also void. See Noll v. Noll, 47 So. 3d 275, 279 (Ala. Civ. App. 2010).

Because this court does not have jurisdiction to review a void judgment, which will not support an appeal, we dismiss Ross's appeal for lack of jurisdiction, see Lovering v. Lovering, 399 So. 3d 295, 297 (Ala. Civ. App. 2024), albeit with instructions to the trial court to vacate its

4

February 14, 2025, amended judgment and any subsequent orders it entered based on that amended judgment. See Hathaway v. Foos, 254 So. 3d 230, 232 (Ala. Civ. App. 2017). West Wind is ordered to return the funds improperly released by the clerk to satisfy the judgment. See Rule 62(g), Ala. R. Civ. P. Because we are dismissing this appeal, we pretermit discussion of the remaining issue raised by Ross on appeal. Id.

West Wind's request for an award of attorney's fees on appeal is hereby denied.

APPEAL DISMISSED WITH INSTRUCTIONS.

Edwards, Hanson, Fridy, and Bowden, JJ., concur.